Tommy **HAMILTON**, Appellant,

v.

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**, Isabella G. Bezerra, and Kim Recer, Appellees.

No. 05–09–01376–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 2010.

Tommy Hamilton, Rosharon, pro se.

Andrew E. Crownover, Amis & Farish, Arlington, for Appellees.

Before Justices O'NEILL, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

Pro se appellant, Tommy Hamilton (Hamilton), appeals from the trial court's order granting summary judgment in favor of Farmers Texas County Mutual Insurance Company (Farmers). Hamilton contends the trial court erred in granting Farmers' motion for summary judgment and in subsequently dismissing the case. We affirm in part, and reverse and remand in part.

## BACKGROUND

Hamilton sued Farmers, Isabella Bezerra and Kim Recer for personal and property injuries suffered by Hamilton as a result of an automobile accident on or about July 5, 2007. In his pro se original petition, Hamilton stated that his car ran out of gasoline and was stalled on the side of a

road when another vehicle hit the rear of Hamilton's car, causing personal injury to him and damage to his car. The vehicle involved in the collision with appellant was owned by Jose Bezerra and insured by Farmers. Kim Recer was an agent for Farmers. The record reflects some confusion as to the identity of the person driving Bezerra's automobile at the time of the collision. In the caption of his petition, Hamilton listed Isabella Bezerra as a defendant; however, in the body of the petition, Hamilton identified Maria Bezerra as party to the lawsuit and made no further reference to Isabella Bezerra. In its motion for summary judgment, Farmers added to the confusion by misstating the allegations of Hamilton's petition that damage was done to his car in a collision with Jose Bezerra. This misstatement was repeated in a motion for summary judgment filed by Isabella Bezerra and Recer. Hamilton filed a motion for summary judgment in which he stated the police report of the incident would reflect that Isabella Bezerra was driving the automobile that hit him. There is nothing in the record to indicate the trial court ruled on Hamilton's motion for summary judgment and the record does not contain a copy of the police report.

On November 4, 2008, Farmers filed a motion for summary judgment on the basis that a third party such as Hamilton may not maintain a direct cause of action against the insurance carrier of an insured defendant pursuant to Article 21.21 of the Texas Insurance Code. There is nothing in the record to indicate that Hamilton filed a response. On September 23, 2009, the trial court signed an order granting Farmer's motion for summary judgment. The order states it is a final judgment disposing of all issues and parties.

■ On October 5, 2009, Isabella Bezerra and Kim Recer filed a motion for summary judgment, arguing they were entitled to a traditional summary judgment against Hamilton because he had not alleged Isabella Bezerra drove the vehicle involved in the accident, was present at the accident scene or contributed to the accident in any way. Further, they asserted that because Hamilton was prohibited from maintaining a direct action against Farmers, he was likewise prohibited from bringing an action against Recer because she was acting in her capacity as agent for Farmers. There is nothing in the record to indicate the trial court ruled on Bezerra and Recer's motion for summary judgment.

On November 17, 2009, Hamilton filed his notice of appeal, asserting the trial court erred in granting Farmer's motion for summary judgment and dismissing his lawsuit.

## JURISDICTION

■ After reviewing the record, this Court questions its jurisdiction over the appeal because the trial court's order granting Farmer's motion for traditional summary judgment does not appear to dispose of all claims and all parties. An appellate court is obligated to review sua sponte issues affecting its jurisdiction. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 673 (Tex.2004); *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.,* 234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet. denied). Appellate jurisdiction is never presumed. *See Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyor Concepts, Inc.,* 300 S.W.3d 348, 360 (Tex.App.-Dallas 2009, pet. denied); *Zuniga v. Navarro & Assoc., P.C.,* 158 S.W.3d 663, 666 (Tex.App.-Corpus Christi 2005, pet. denied). Whether an appellate court has jurisdiction over an appeal is a legal question and is reviewed de novo. *See IFS Security Group, Inc. v. American Equity Ins. Co.,* 175 S.W.3d 560, 562 (Tex.

App.-Dallas 2005, no pet.). If the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *Id.*

An appeal may be taken only from a final order unless a statute specifically authorizes an interlocutory appeal. See TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.012, 51.014(1) (West 2008 & Supp. 2010); *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). A judgment issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties then before the court; or (2) states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann,* 39 S.W.3d at 192; *Texas Integrated Conveyor Systems,* 300 S.W.3d at 361.

In determining whether an order actually disposes of all pending claims and parties, the courts of appeal may look to the record in the case. *Lehmann,* 39 S.W.3d at 205. Here, the record reflects the existence of parties and claims not mentioned in the trial court's order granting Farmer's motion for summary judgment. The order indicates that only Farmer's motion was before the trial court for hearing. The trial court ordered that Hamilton take nothing from Farmers, dismissed Hamilton's cause of action against Farmers, and ordered that Farmer's court costs be taxed against Hamilton. Clearly the order disposes of Hamilton's claims against Farmers. However, the order is silent as to defendants Bezerra and Recer and Hamilton's alleged claims against them.

We then look to the language of the order to determine if it states with unmistakable clarity that it is a final judgment as to all claims and all parties. The order states "all relief not expressly granted is expressly denied" and "this is a final judgment disposing of all issues and parties." If the intent to finally dispose of the case is clear from the order, the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. *Id.* at 200. Based on the express language of the order, we conclude the order is a final judgment. We have jurisdiction over this appeal.

If a judgment grants more relief than requested, it is reversible, but not interlocutory. *Id.* A trial court can enter a summary judgment only against those claims attacked in a motion for summary judgment. *See Texas Integrated Conveyor Systems,* 300 S.W.3d at 365; *Wright v. Sydow,* 173 S.W.3d 534, 554 (Tex.App.-Houston [14th Dist.] 2004, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993)). Farmers' motion for summary judgment requested a take nothing judgment in favor of Farmers only. We conclude the express language of the trial court's order grants more relief than requested.

## APPELLANT'S BRIEF

Having determined we have jurisdiction, we now turn to Hamilton's brief. Texas Rule of Appellate Procedure 38.1 provides that an appellant's brief "must state concisely all issues or points presented for review." TEX.R.APP. P. 38.1(f). The brief "must state concisely and without argument the facts pertinent to the issues or points presented" and be supported by record references. TEX.R.APP. P. 38.1(g). And the brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(i). Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to com-

ply with applicable laws and rules of procedure. *Peña v. McDowell,* 201 S.W.3d 665, 667 (Tex.2006); *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978); *Drum v. Calhoun,* 299 S.W.3d 360, 364 (Tex.App.-Dallas 2009, pet. denied). After Hamilton filed his original brief, this Court notified him by letter that his brief was deficient in numerous respects, including the lack of a concise statement of the issues presented for review and appropriate citations to the record as required by Texas Rule of Appellate Procedure 38.1. Hamilton was given ten days within which to file an amended brief to cure the deficiencies. Hamilton filed an amended brief which again fails to comply with rule 38.1. Hamilton's issues are unclear and, at best, confusing. Hamilton appears to ask this Court to make fact findings on issues unrelated to the order granting summary judgment to Farmers. Hamilton complains that the trial court erred in granting summary judgment but his argument consists of conclusions and does not provide proper, meaningful analysis in support of his contentions. He neither cites to any authority nor discusses any applicable law with respect to the trial court's order or Farmers' motion for summary judgment. Further, Hamilton's amended brief does not contain a single citation to the clerk's record or reporter's record as required by rule 38.1. TEX.R.APP. P. 38.1. We conclude this issue is inadequately briefed and presents nothing to review. *McCray v. Clerk of the Court,* No. 05–08–01398–CV, 2009 WL 3135183, at *2 (Tex.App.-Dallas October 1, 2009, pet. denied) (mem. op.); *In re L.M.M.,* No. 05–07–00789–CV, 2008 WL 2454680, at *1 (Tex.App.-Dallas June 19, 2008, no pet.) (mem. op.); *Strange v. Continental Cas. Co.,* 126 S.W.3d 676, 678 (Tex.App.-Dallas 2004, pet. denied). We overrule all issues.

We affirm the portion of the trial court's judgment granting Farmers's motion for summary judgment as to Farmers only. We reverse and remand for further proceedings as to all other defendants and claims.