NUMBER 13-10-00648-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

LOOP COLD STORAGE MANAGEMENT                               
Appellants,          

COMPANY AND LOOP COLD STORAGE, 

MCALLEN, LP,                                                                     

 

v.

 

RAUL IBARRA AND MELESIO C. VASQUEZ       ,                            Appellees.


                                                                                                                             

 

On appeal from the 389th
District Court

of Hidalgo County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes

Memorandum Opinion by
Justice Garza

 

            This is an interlocutory
appeal from a trial court’s order vacating its prior order compelling
arbitration.  By a single issue, appellants, Loop Cold Storage Management
Company and Loop Cold Storage, McAllen, L.P., contend the trial court abused
its discretion by refusing to compel arbitration.  We dismiss the appeal for
lack of jurisdiction.

I. 
Background

            On November 20, 2009,
appellee Raul Ibarra sued a co-worker, Melesio C. Vasquez,[1]
for workplace injuries Ibarra sustained because of Vasquez’s allegedly
negligent operation of a forklift.  Ibarra also sued “Loop Cold Storage,” the
assumed name of the company where he and Vasquez worked.[2] 
On December 18, 2009, “Loop Cold Storage Management Company, L.P.” filed an
answer and a motion to compel arbitration.  The motion alleged that Ibarra was
employed by “Loop Cold Storage Management Company, L.P.” and had executed an
arbitration agreement whereby he agreed to arbitrate any claims covered by the
agreement.  Attached to the motion were:  (1) a benefits schedule entitled,
“Loop Cold Storage Management Company, L.P. Employee Injury Benefit Plan,”; (2)
an agreement to arbitrate, defining the “company” as entities listed on
“Schedule A,” which included:  (a) “Loop Cold Storage Management Company,
L.P.”, (b) “Embassy Packing, Inc.”, (c) “Loop Cold Storage Management Company,
L.P. dba Loop Cold Storage”, (d)“Loop Fresh Produce, L.P.”, (e) “Loop Fresh
GP”; and (3) a copy of an acknowledgement, entitled “Loop Cold Storage
Management Company, L.P. Employee Injury Benefit Plan & Arbitration
Program”, reflecting Ibarra’s signature acknowledging receipt of the
documents.  Following a hearing on January 12, 2010, the trial court granted
the motion to compel arbitration.[3] 


            For the next several
months, the case proceeded in arbitration proceedings; Ibarra propounded
written discovery requests and “Loop Cold Storage Management Company, L.P.”
responded.  Approximately nine months later, in late September 2010, appellants
advised Ibarra that “Loop Cold Storage, McAllen, LP (‘Loop McAllen’), rather
than Loop [Cold Storage] Management [Company, L.P.], was Ibarra’s and Vasquez’s
actual employer.”  On October 25, 2010, Ibarra filed a motion to set aside the
trial court’s January 12, 2010 order compelling arbitration on the ground that
no arbitration agreement existed between Ibarra and “Loop Cold Storage,
McAllen, L.P.”  Ibarra also requested sanctions on grounds that he had directed
discovery against the wrong party. 

            The trial court held a
hearing on November 9, 2010.  The court focused on whether Ibarra’s recently
discovered actual employer—Loop Cold Storage McAllen, LP—was named in the
arbitration agreement.  The following exchange occurred:

Q [the Court]:                        Okay. 
But nowhere [appellants’ counsel], are you telling me that there is a contract
that provides that Loop Cold Storage McAllen is named anywhere in that contract
for arbitration, right?

 

A [appellants’ counsel]:      They are
named as an affiliated entity.

 

Q:                                            Nowhere
are they named?

 

A:                                            Nowhere
does the name appear.

 

[the Court]:                            Arbitration
is lifted.  There is no arbitration.  You’ll be back here. 

                                    

                                                 .
. . .

 

[the Court]:                            Your
first amended answer and verified denials for Loop Cold Storage Management
Company, number three, defendant pleads that there is a defect in the parties
as defendant has been incorrectly named.  Defendant was never Plaintiff
Ibarra’s or Defendant Vasquez’s employer and does not own the facility at which
the events underlying this suit took place; rather Loop Cold Storage McAllen is
the owner of the facility and employed these individuals.

 

[Appellants’ counsel]:         That’s
correct, Your Honor.

 

[Court]:                                   Okay. 
You filed this September 29th.

 

[Appellants’ counsel]:         That’s
correct, Your Honor.

 

[Court]:                                   In
January when you came here, you told this Court that Loop Cold Storage
Management Company had a contract with these individuals for arbitration.

 

      In January, why didn’t you
actually verify who was the employer of these individuals?  In January—now, we
are talking months, nine months almost, later they’re telling me that now all
of a sudden you have found out after months of expense to these
individuals—because there is an expense, right?  Your time is worth something,
right?

 

            The trial court then
shifted its attention to Ibarra’s argument for sanctions, and stated that it
would award sanctions for discovery abuse only.  The trial court signed an
order (a) rescinding its January 12, 2010 order compelling arbitration; (b)
awarding $5,325 in sanctions for discovery abuse against “Loop Cold Storage
Management Company, L.P.”; and (c) ordering that the sanctions be paid by Loop
Cold Storage Management Company.  As the trial court completed the order by
hand, the following exchange occurred:

[the Court]:                            Tell
me again, the name of the company that was on the discovery.

 

[Appellants’ counsel]:         Loop
Cold Storage Management Company, Your Honor.

 

[the Court]:                            Correct
name, Loop Cold Storage Management Company.

 

[Appellants’ counsel]:         That’s
it.

 

[the Court]:                            Is
it LP?

 

[Appellants’ counsel]:         It’s
not a limited partnership, Your Honor.  It’s shown in the agreement.  The
arbitration—

 

[the Court]:                            So
it’s Loop Cold Storage Management                                                  Company.

 

[Appellants’ counsel]:         That’s
the correct name, as I understand it, Your Honor.

 

[Ibarra’s counsel]:                Your
Honor, that’s not my understanding.

 

[the Court]:                            I
don’t know what it is.  I’m just asking.  Why is                                                 it
so difficult to give me a name?

 

[Ibarra’s counsel]:                That’s
what we’ve been trying to figure out for                                      months,
Your Honor.

 

[the Court]:                            It
is Loop—as an officer of the court, [appellants’ counsel], what is the name of
this company that has been part of the discovery?

 

[Loop corporate counsel]:   Your
Honor, if I may, it’s Loop Cold Storage Company and it’s an S corp.

 

[the Court]:                            Here,
write it down.

 

[Ibarra’s counsel]:                Oh,
my god.  Unbelievable.  Today we find out it’s an S corp, not a limited
partnership.

 

The trial court did not react or
otherwise appear to attach significance to the revelation that Loop Cold Storage
Management Company was not a limited partnership. 

            Appellants filed their
notice of appeal on November 22, 2010.  A week later, on November 29, 2010, the
parties again came before the trial court solely for the purpose of admitting
all the exhibits offered at the November 9th hearing into evidence.  There was
no objection and the trial court admitted all the exhibits.

            On December 21, 2010,
Ibarra’s counsel received a letter from appellants’ corporate counsel, which
stated that the entities represented by counsel included Loop Cold Storage
Management Company and Loop Cold Storage, McAllen, L.P.[4] 
The letter further stated that “[t]he entities named as ‘Loop Cold Storage
Management Company L.P.’ and ‘Loop Cold Storage’ do not exist and, to the best
of our knowledge, have never existed.”

            On March 2, 2011, in
response to the news that “Loop Cold Storage Management Company L.P.” and “Loop
Cold Storage”—two of the entities named in the arbitration agreement—“never
existed,” Ibarra filed a “Partially Uncontested Motion to Dismiss” Loop Cold
Storage Management Company’s appeal.  Ibarra attached a copy of the December
21, 2010 letter to his motion.  In the motion, Ibarra argued that if “Loop Cold
Storage Management Company, L.P.” does not and never did exist, it could not
have contracted to arbitrate and cannot appeal an order denying it
arbitration.  Ibarra argues that the actual appellant—Loop Cold Storage
Management Company—cannot appeal because it was not denied arbitration
by the trial court.  Thus, according to Ibarra, Loop Cold Storage Management
Company’s appeal should be dismissed for want of jurisdiction because “an
entity that never asked the trial court to send it to arbitration cannot appeal
a refusal to send a claim to arbitration made by another party.”

            On March 21, 2011,
appellants filed a response to Ibarra’s motion.  In the response, appellants
argue:  (1) even if Loop Cold Storage Management Company was not a party of
record before the trial court, the error is “classic misnomer,” which does not
deprive this Court of jurisdiction; (2) the correct parties were before the
trial court because at the November 9th hearing, appellants “stated clearly and
unequivocally in open court that Loop Cold Storage Management Company was the
proper name of the entity”; and (3) Loop Cold Storage Management Company may be
deemed a party on appeal under the “virtual representation doctrine.”  

II. 
Standard of Review and Applicable Law

            We review de novo
whether this Court has jurisdiction over an appeal because jurisdiction is a
legal question.  Hamilton v. Farmers Tex. County Mut. Ins. Co., 328
S.W.3d 664, 666 (Tex. App.–Dallas 2010, no pet.).  If the record does not
affirmatively demonstrate the appellate court's jurisdiction, the appeal must
be dismissed.  Id. 

            A party
may appeal an interlocutory order denying a motion to compel arbitration under
the FAA.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.016 (West Supp. 2010); In re Merrill Lynch
& Co., Inc., 315 S.W.3d 888, 891 n.3 (Tex. 2010).  Whether a trial
court errs in refusing to order arbitration depends on whether it abused its
discretion.  Sidley, Austin, Brown, & Wood, L.L.P. v. J.A. Green Dev.
Corp., 327 S.W.3d 859, 863 (Tex. App.–Dallas 2010, no pet.) (stating that
we apply a no evidence standard to the trial court's factual determinations and
a de novo standard to the legal determination which is the same as a standard
of abuse of discretion); see Hrycyk v. Butler, No. 07-11-0068-CV,
2011 WL 1843583, at *2 (Tex. App.–Amarillo May 16, 2011, no pet. h.) (mem. op.)
(affirming order denying arbitration where arbitration agreement expressly
encompassed entities other than party seeking arbitration).  A trial court
abuses its discretion when its decision deviates from guiding rules and
principles and is otherwise arbitrary, capricious, and unreasonable.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.1985).  One
of those guiding rules and principles obligates the party seeking arbitration
to establish the existence of a valid agreement requiring arbitration and
encompassing the litigants and dispute in question. In re Bank One, N.A.,
216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding).  Whether an arbitration
agreement is enforceable is subject to de novo review.  In re Labatt Food
Service, L.P.,  279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). 

III.  Discussion


A..  Jurisdiction

            Ibarra argues that
this Court lacks jurisdiction
because if “Loop Cold Storage Management Company” is the appellant before this
Court, it “cannot have appealed” because it was not the party that sought or
was denied arbitration.  

            In
response, appellants argue that (1) whether Loop Cold Storage McAllen, L.P. is
an “affiliated” entity, such that it can compel Ibarra’s claims to arbitration,
is an issue on appeal, and is therefore not a ground for dismissal; (2) the
error in naming the entity “Loop Cold Storage Management Company, L.P.” instead
of “Loop Cold Storage Management Company” is an issue of misnomer, which does
not deprive this Court of jurisdiction; and (3) Loop Cold Storage Management
Company may be deemed a party under the “virtual representation doctrine.”  As
explained below, we conclude that appellants’ arguments were not preserved for
our review because they were not presented to the trial court.  

            The
record reflects “Loop Cold Storage Management Company” and “Loop Cold Storage
McAllen, L.P.” are the parties that filed a notice of appeal in this cause.  It
is undisputed that neither of these parties filed a motion to compel
arbitration in the trial court and therefore neither party was denied
arbitration by the trial court.  

            It is
well settled that a person who is not a party to the trial court judgment has
no standing to complain of that judgment.  See e.g., In re J.A., 225
S.W.3d 7, 11 (Tex. App.–El Paso 2005, pet. denied) (holding that without
standing, a person may not complain of a judgment to which he was not a party
and which imposes no obligation upon him); Stroud v. Stroud, 733 S.W.2d
619, 620-21 (Tex. App.–Dallas 1987, no writ) (finding that parties who are
strangers to a judgment have no right to seek review on appeal); Jernigan v.
Jernigan, 677 S.W.2d 137, 140 (Tex. App.–Dallas 1984, no writ) (right to
seek review on appeal is limited to those whose rights are concluded by
judgment in question).  Further, an appellate court has no jurisdiction over an
appeal by an appellant who lacks standing.  See In re M.C.R., 55 S.W.3d
104, 106-07 (Tex. App.–San Antonio 2001, no pet.).

            Here,
neither appellant was denied arbitration by the trial court.  Accordingly, we
conclude that appellants lack standing to seek appellate review of the trial
court’s order denying arbitration to “Loop Cold Storage Management Company,
L.P.”, a non-existent entity.[5]

B.  Proper Parties

            Appellants
assert that the correct parties were before the trial court at the November 9
hearing and that appellants “stated clearly and unequivocally in open court
that Loop Cold Storage Management Company was the proper name of the entity.” 
We agree—at least based on the record at this point—that the proper parties
were before the trial court.  However, we strongly disagree that the trial
court was given an opportunity to appreciate the distinction between “Loop Cold
Storage Management Company” as the proper party, rather than “Loop Cold Storage
Management Company, LP,” the party that the court compelled to arbitration.  As
the excerpts from the hearing show, the hearing focused on the
then-recently-revealed information that Loop Cold Storage McAllen, L.P. was
Ibarra’s actual employer, not Loop Cold Storage Management Company.  Appellants
argued to the trial court that Ibarra’s employer, Loop Cold Storage McAllen,
L.P., was “named as an affiliated entity” in the arbitration agreement because
it was “affiliated” with Loop Cold Storage Management Company.  Appellants did
not discuss or explain why such alleged “affiliation” was important, given that
Loop Cold Storage Management Company was not included in the list of companies
covered by the arbitration agreement.  Appellants did not send the letter
disclosing that the entity compelled to arbitration—“Loop Cold Storage
Management Company, L.P.”—had “never existed” until December 21, 2010, a month after
appellants filed their notice of appeal.  There is no indication that this
information was ever revealed to the trial court.[6] 


C.    “Misnomer” and
“Virtual Representation” Issues 

            Appellants
also argue that:  (1) “the error in naming the entity ‘Loop Cold Storage
Management Company, LP’ instead of ‘Loop Cold Storage Management Company’ is
standard misnomer”; and (2) “Loop Cold Storage Management Company should be
deemed a party on appeal under the virtual representation doctrine.”  

            A
misnomer occurs when a party misnames itself or another party, but the correct
parties are involved.  In re Greater Houston Orthopaedic Specialists, Inc.,
295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam).  Loop Cold
Storage Management Company essentially argues that it is the same entity as
“Loop Cold Storage Management Company, L.P.”  (“Loop Cold Storage Management
Company, L.P. and Loop Cold Storage Management Company are not separate and
distinct legal entities; Loop Cold Storage Management Company, L.P. does not
exist at all.”).  

            The
doctrine of virtual representation is an exception to the rule that appeals are
usually limited to parties of record in the trial court below.  Tex. Dep’t
of Pub. Safety v. Fredricks, 235 S.W.3d 275, 279 (Tex. App.–Corpus Christi
2007, no pet.).  “An appellant is a deemed party under virtual representation
when ‘(1) it is bound by the judgment; (2) its privity of estate, title, or
interest appears from the record; and (3) there is an identity of interest
between the appellant and a party to the judgment.’”  Id. (quoting City
of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 755 (Tex. 2003)
(quoting Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep.
Auto Dealers Ass'n, 1 S.W.3d 108, 110 (Tex. 1999)).  

            Appellants
did not raise either
of these arguments in the trial court below, and accordingly, neither issue has
been preserved for our review.  See Tex.
R. App. P. 33.1; see also Carr v. Main Carr Dev., LLC, No.
05-10-01346, 2011 WL 1238390, at *2 (Tex. App.–Dallas March 31, 2011, pet. filed)
(holding that, in interlocutory appeal of trial court’s denial of a motion to
compel a nonsignatory to an arbitration agreement, appellant failed to raise
agency theory in trial court, and thus failed to preserve the issue).  

IV. 
Conclusion

      Because we conclude
that appellants lack standing, we dismiss the appeal for lack of jurisdiction.[7] 
We grant Ibarra’s “Partially Uncontested Motion to Dismiss” and deny any relief
not granted herein.[8]


 

 

DORI CONTRERAS GARZA

Justice

 

 

Delivered
and filed the 

16th
day of June, 2011.









[1]
Vasquez is also an appellee.

 





[2]
In Ibarra’s Third Amended Petition, filed November 9, 2010, the named
defendants are:  “Loop Cold Storage Management Company, L.P., Loop Cold
Storage, Loop Cold Storage McAllen, L.P., and Melesio C. Vasquez.”  The docket
sheet reflects that Ibarra filed a Fourth Amended Petition on November 18,
2010, but it was not designated to be included in the clerk’s record on appeal,
and is not included in the record.  A copy of the Fourth Amended Petition,
attached to appellants’ response to Ibarra’s motion to dismiss this appeal,
reflects that the caption of the Fourth Amended Petition reflects the same
named defendants as those named in the Third Amended Petition.  In the body of
the petition, however, Ibarra has named “Loop Cold Storage Management Company,”
described as a duly licensed Texas corporation, as a defendant.  Thus, it
appears that the Fourth Amended Petition names the parties now identified by
appellants as the correct parties.  





[3]
The trial court’s order to arbitrate was entered before Vasquez was served or
filed an answer.  Vasquez was served in July 2010, and answered on July 30,
2010.  On October 6, 2010, he filed a motion requesting that Ibarra’s claims
against him be excluded from arbitration on grounds that there was no
arbitration agreement between Ibarra and Vasquez.





[4]
The letter listed six other entities that do not appear to be related to this
matter. 





[5]
We recognize that a portion of the trial court’s November 9, 2010 order imposes
an obligation on Loop Cold Storage Management Company because it awards $5,325
in sanctions for discovery abuse against “Loop Cold Storage Management Company,
L.P.” to be paid by Loop Cold Storage Management Company.  However, Loop Cold
Storage Management Company does not challenge the portion of the order imposing
sanctions, either in its appellate briefs or in its response to Ibarra’s
motion.  Accordingly, we do not address the issue. 





[6]
We also note that appellants’ briefs focus on whether Loop Cold Storage
McAllen, L.P. may enforce the arbitration agreement because (1) it is
“affiliated with” Loop Cold Storage Management Company, and/or (2) it is a
third-party beneficiary to the agreement.  None of the parties’ briefs address
the significance or consequences of the revelation that “Loop Cold Storage
Management Company, L.P.”—the company named in the arbitration agreement—“never
existed.”  We decline to address the arguments raised in appellants’ briefs
because it is unclear how we should interpret those arguments in light of the
revelation that “Loop Cold Storage Management Company, L.P.” “never existed.” 
In addition, because of our disposition, we need not address appellee Vasquez’s
arguments.  





[7]
Appellants argue that this Court “cannot dismiss the appeal in its entirety
because Ibarra fail[ed] to request dismissal of the appeal of Loop Cold Storage
McAllen, L.P.”  We disagree.  Because both appellants lack standing, we dismiss
the appeal for want of jurisdiction as to both appellants.

  





[8]
We note that
upon return to the trial court, appellants, Loop Cold Storage Management
Company and Loop Cold Storage McAllen, LP, may file motions to compel
arbitration and may make arguments to the trial court—including those made
here—for why such motions should be granted.