**AFFIRM; and Opinion Filed October 3, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00179-CV

**BERNADETTE GRAINGER, Appellant**
**V.**
**AMERISOURCEBERGEN SPECIALTY GROUP, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00953-2011**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

Bernadette Grainger appeals the trial court's grant of summary judgment in favor of AmerisourceBergen Specialty Group (ABSG) on Grainger's claims of race discrimination and retaliation. In two issues, Grainger asserts the trial court erred by granting a no-evidence motion for summary judgment[1] because ABSG submitted altered or false documents to support its motion for summary judgment and she presented more than a scintilla of evidence on each of her claims. We affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied to this case is well settled. *See* TEX. R. APP. P. 47.4.

Grainger sued ABSG alleging it improperly terminated her employment based on her race and in retaliation for her filing a complaint with ABSG's human resources department.

---

[1] We note that ABSG filed only a traditional motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(c).

ABSG filed a motion for summary judgment on grounds that Grainger (1) was never an employee of ABSG, (2) could not establish a prima facie case on her race discrimination claim because she was not treated differently than similarly-situated employees, (3) could not establish a prima facie case on her retaliation claim because she did not engage in protected activity and there is no causal connection between any purported protected activity and her termination, (4) could not establish the reasons for her termination were pretextual or false, and (5) "failed to mitigate her damages and, therefore, should be denied back pay damages." Grainger filed a *pro se* response to the motion. The trial court granted the motion for summary judgment without stating the basis for the ruling.

Grainger, again appearing *pro se*, appealed from the trial court's order granting summary judgment in favor of ABSG. In her brief, Grainger argues, in two issues, that the trial court erred by granting summary judgment in favor of ABSG because (1) in support of its argument that it did not employ Grainger, ABSG submitted altered or false documents, and (2) she presented more than a scintilla of evidence on each of her claims. In support of her second issue, which appears to be directed toward grounds two through four in ABSG's motion for summary judgment, Grainger's entire argument is:

> Even if this court finds that AmerisourceBergen did not violate the requirements of Rule 166a(1) [sic], still the grant of a no evidence summary judgment is error because Ms. Grainger presented more than a scintilla of evidence on Ms. Grainger's claims.

Although we construe *pro se* pleadings and briefs liberally, *pro se* litigants are held to the same standards as a licensed attorney and must comply with the rules of procedure. *Peña v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006) (per curiam); *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Hamilton v. Farmers Tex. Cnty. Mut. Ins. Co.*, 328 S.W.3d 664, 667–68 (Tex. App.—Dallas 2010, no pet.). To do otherwise would give *pro se* litigants an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181,

184–85 (Tex. 1978). Accordingly, Grainger is required to comply with the applicable law and rules of procedure. *Id.* at 185; *Balistreri-Amrhein v. AHI*, No. 05-09-01377-CV, 2012 WL 3100775, at *1 (Tex. App.—Dallas July 31, 2012, pet. denied) (mem. op.).

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellant's brief must concisely state all issues or points presented for review and must contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). We may not speculate as to the substance of the specific issues asserted by an appellant and may not make a party's arguments for her. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). And we have no duty to perform an independent review of the record and the applicable law to determine if the trial court erred. *Strange*, 126 S.W.3d at 678; *Flores v. James Wood Fin. LLC*, No. 02-13-00022-CV, 2013 WL 3064455, at *1 (Tex. App.—Fort Worth June 20, 2013, no pet.) (mem. op.); *Valadez*, 238 S.W.3d at 845. An appellant's failure to cite legal authority or provide substantive analysis of a legal issue results in waiver of the complaint. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

Grainger's argument on her second issue does not provide proper, meaningful analysis in support of her contentions. She neither cites to any authority nor discusses any applicable law with respect to grounds two through four in ABSG's motion for summary judgment. We conclude Grainger's second issue is inadequately briefed and presents nothing to review. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284; *Hamilton*, 328 S.W.3d at 668; *Flores*, 2013 WL 3064455, at *1.

In order to obtain a reversal of a summary judgment, an appellant must attack every ground relied on for which summary judgment could have been granted. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 144 (Tex. App.—Dallas 2013, no pet.). If an appellant fails to challenge one of the grounds for summary judgment, an appellate court may affirm the summary judgment on that ground alone. *Trevino & Assocs. Mech., L.P.*, 400 S.W.3d at 144.

ABSG moved for summary judgment on five grounds: Grainger (1) was never an employee of ABSG; (2) could not establish a prima facie case of her race discrimination claim; (3) could not establish a prima facie case of her retaliation claim; (4) could not establish the reasons for her termination were pretextual or false; and (5) failed to mitigate her damages. We have already concluded that Grainger waived any challenges to the second through fourth grounds raised in ABSG's motion for summary judgment. Further, Grainger failed to challenge whether the trial court properly granted summary judgment on the ground that she failed to mitigate damages. ABSG asserted in the body of its motion for summary judgment only that Grainger's claim for back pay was forfeited by her failure to mitigate her damages. However, it requested summary judgment on "both [of Grainger's] claims in their entirety," and Grainger has failed to argue on appeal that the trial court erred by granting summary judgment as to all of her claims based on her failure to mitigate damages.

Because ABSG's motion for summary judgment contains grounds for summary judgment that Grainger failed to adequately challenge in her appellate brief, we affirm the trial court's judgment. *See Malooly*, 461 S.W.2d at 121; *Trevino & Assocs. Mech., L.P.*, 400 S.W.3d at 144; *Graham v. Federated Dept. Stores, Inc.*, No. 05-09-01310-CV, 2011 WL 3435371, at *3 (Tex. App.—Dallas Aug. 8, 2011, no pet.) (mem. op.) ("Because [appellant's] brief does not effectively present a challenge as to whether the trial court properly granted summary judgment

based on her failure to raise a fact issue as to the first, third, and fourth elements of a premises liability claim, we must affirm the trial court's judgment on no-evidence as to these grounds.").


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


130179F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BERNADETTE GRAINGER, Appellant

No. 05-13-00179-CV        V.

AMERISOURCEBERGEN SPECIALTY
GROUP, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 416-00953-2011.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AmerisourceBergen Specialty Group recover its costs of this appeal from appellant Bernadette Grainger.

Judgment entered this 3rd day of October, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE