**AFFIRM; and Opinion Filed May 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00401-CV

**JOANN BROOKS AND MARY ROZANSKI, Appellants**
**V.**
**PAUL HEDLEY BATCHELOR, Appellee**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR10-1373-2**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

This appeal arises from the contentious probate of the estate of Susan Diane Barron. Pro se appellants, JoAnn Brooks and Mary Rozanski, appeal from the trial court's final order and judgment on their motion to remove Paul Batchelor as the dependent executor of Susan Diane Barron's estate. In thirteen issues, appellants allege judicial misconduct and errors in the trial court's denial of their request to remove Batchelor as dependent executor. The background of the case and the evidence are well known to the parties, and we therefore limit recitation of the facts. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the judgment of the trial court.

On April 21, 2010, appellee Paul Batchelor filed an application for probate of will, appointment of executor, and issuance of letters testamentary. Appellants, sisters of Susan Diane

Barron, contested appellee's application. Appellants filed a motion to remove Batchelor as dependent executor with bond, and their motion was tried on November 9, 2012, and December 19, 2012. On December 22, 2012, appellants filed a letter with the trial court, asking for reconsideration of certain rulings made by the trial court during the trial. On January 7, 2013, the trial court signed its final order and judgment on appellants' motion, denying appellants' motion to remove Batchelor as dependent executor with bond, ordering that Brooks take nothing, and ordering that Rozanski recover from Batchelor the sum of $7,061, plus interest. In a separate order dated January 7, 2013, the trial court construed appellants' December 22, 2012 letter as a motion for post-trial relief and denied the relief requested. Appellants filed a notice of appeal on March 25, 2013. Batchelor continued to serve as executor until the administration of the estate of Susan Diane Barron was closed. On March 27, 2013, the trial court signed an order closing the administration of the estate and discharging Batchelor as administrator.

Representing themselves on appeal, Brooks and Rozanski filed an appellants' brief on June 5, 2013. We notified them that their brief did not meet the general requirements of Texas Rule of Appellate Procedure 38.1, and identified eight areas in which their brief was deficient. We gave them ten days within which to file an amended brief that complied with the Texas Rules of Appellate Procedure. Although appellants filed an amended brief on June 18, 2013, their amended brief is also deficient and fails to comply with long-established briefing rules.

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. TEX. R. CIV. P. 7; *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). "The right of self-representation (or being what is commonly called a pro se litigant), carries with it the responsibility to adhere to our rules of evidence and procedure, including our appellate rules of procedure if the party chooses to represent himself at the appeal level." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no

pet.).  Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure.  *Peña v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006); *Hamilton v. Farmers Tex. Cnty. Mut. Ins. Co.*, 328 S.W.3d 664, 667–68 (Tex. App.—Dallas 2010, no pet.).  To apply a different set of rules to pro se litigants would be to give an unfair advantage over litigants represented by counsel.  *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.).

Our appellate rules have specific requirements for briefing.  *See* TEX. R. APP. P. 38.  These rules require appellants to state concisely any complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with appropriate record references.  Tex. R. App. P. 38.1(f), (h), and (i); *see Bolling*, 315 S.W.3d at 895.  Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or another.  *See Bolling*, 315 S.W.3d at 895.  We are not responsible for identifying possible trial court error.  *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).  We are not responsible for performing an independent review of the record and applicable law to determine whether there was error.  *See Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.).  We have little latitude on appeal and cannot remedy deficiencies in a litigant's brief.  *Green*, 152 S.W.3d at 841.

We first consider appellants' statement of the issues.  Appellants' amended brief lists thirteen issues for appeal.  In their first and second issues, appellants allege "the trial court erred in probating Susan Barron's alleged will despite Batchelor's clear criminal intent" and alleged

"propensity to execute wills on terminally ill women." In their fourth issue, appellants argue the trial court erred by requiring business records affidavits for appellants' trial exhibits. Appellants' third, and fifth through thirteenth issues allege judicial misconduct by the trial court in making various rulings throughout the probate proceedings that were adverse to appellants. Appellants' issues fail to meet the requirements of the rules. They consist primarily of accusations against counsel, the trial judge, and the opposing party; rely on alleged facts outside the record; are unsupported by legal authority and application of the law to the facts; and seek to have this Court make determinations outside the scope of our review on issues not properly before us. An appellant's brief "must state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *See Canton-Carter*, 271 S.W.3d at 931; *Valadez*, 238 S.W.3d at 845. Appellant's issues do not meet this standard.

Turning to appellants' statement of facts, we find that appellants provide some discussion regarding the nature of the proceeding and the trial court's disposition. However, for the most part, appellants' statement of facts consists of conclusory statements and arguments that are unsupported by record references. Additionally, appellants' statement of facts ranges far beyond facts pertaining to the final order and judgment before us on appeal. An appellant's brief "must state concisely and without argument the facts pertinent to the issues or points presented" and be supported by record references. TEX. R. APP. P. 38.1(g). "If record references are not made or are inaccurate, misstated, or misleading, the brief fails." *Bolling*, 315 S.W.3d at 896.

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). In the argument section of their brief, appellants' arguments are unclear and, at best, confusing. Although the argument section alone exceeds fifty pages, it is difficult to determine whether

–4–

appellants present argument for any of the thirteen issues identified. Furthermore, their arguments are completely unsupported by appropriate citations to authorities and to the record. Instead, appellants ask this Court to make fact findings on issues that were not presented to the trial court. They refer to documents that were not admitted into evidence by the trial court, as well as documents in several appendices filed with this Court. We note that many of these documents are not part of our record and thus, we may not consider them on appeal. *See Wilhoite v. Sims*, 401 S.W.3d 752, 762 (Tex. App.—Dallas 2013, no pet.); *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.).

The requirement that an appellant's brief must contain a clear and concise argument that includes appropriate citations to legal authority and the appellate record is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. *See Canton-Carter*, 271 S.W.3d at 931; *see also* TEX. R. APP. P. 38.1(i). Failure to cite legal authority or provide substantive analysis of a legal issue presented results in waiver of the complaint. *See Bullock*, 360 S.W.3d at 665; *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.). Similarly, failure to provide citations to the record also results in waiver of the issue on appeal. *See* TEX. R. APP. P. 38.1(i); *see also Bullock*, 360 S.W.3d at 665; *Radenovich v. Eric D. Fein, P.C. & Assocs.*, 198 S.W.3d 858, 861 (Tex. App.—Dallas 2006, no pet.). It is appellants' burden to discuss their assertions of error.

We conclude appellants' issues are inadequately briefed and present nothing for this Court to review. *Bullock*, 360 S.W.3d at 665; *Hamilton*, 328 S.W.3d at 668. Because appellants failed to comply with the briefing requirements of our appellate rules, after having been given opportunity to do so, they waived their issues on appeal. Appellants' issues are overruled.

Having resolved all of appellants' issues against them, we affirm the judgment of the trial court.


/David Lewis/
DAVID LEWIS
JUSTICE

130401F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOANN BROOKS AND MARY
ROZANSKI, Appellants

No. 05-13-00401-CV     V.

PAUL HEDLEY BATCHELOR, Appellee

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR10-1373-2.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee PAUL HEDLEY BATCHELOR recover his costs of this
appeal from appellants JOANN BROOKS AND MARY ROZANSKI.

Judgment entered this 8th day of May, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE