Opinion issued October 25, 2018



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00487-CV

_____

**YENY ISABEL ROMERO, Appellant**

**V.**

**DINESH DEEPAK BATRA, Appellee**

On Appeal from the 312th District Court
Harris County, Texas
Trial Court Case No. 2015-76675

## MEMORANDUM OPINION

Yeny Isabel Romero, proceeding pro se, appeals the trial court's final judgment declaring that she and Dinesh Deepak Batra did not have an informal marriage. We affirm the trial court's judgment.

## Background

Romero filed an original petition for divorce, alleging that she and Batra had an informal marriage of eight years but that the marriage had become insupportable.[1] The petition also alleged that there were two minor children of the marriage.

Batra answered, specifically denied the existence of any marriage to Romero, and alleged that Romero's petition was an attempted end-run around parallel proceedings regarding custody and support of their children. Batra requested a declaratory judgment that no marriage existed and sought attorney's fees.

The case proceeded to a trial at which Batra prevailed. The trial court judgment declares that "[n]o informal or common law marriage has ever existed between Yeny Isabel Romero and Dinesh Batra," orders that Romero take nothing on her claims, and awards Batra court costs and $25,000 in attorney's fees.

## Analysis

Romero is representing herself on appeal. Although we liberally construe pro se briefs, we require pro se litigants to comply with applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating that "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*,

---

[1] "Informal marriage" is the statutory term used to describe what is colloquially known as a common-law marriage. *See* TEX. FAM. CODE § 2.401(a)(2) (providing that informal marriage may be shown by evidence "the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married").

573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444.

The appellate rules require Romero to include in her brief a statement of the issues presented and "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for our review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal). An appellate court has no duty—or even right—to perform an independent review of the record and law to determine whether error exists. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Borisov v. Keels*, No. 01-15-00522-CV, 2016 WL 3022603, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.). Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Valadez*, 238 S.W.3d at 845.

Romero does not raise any specific appellate issues in her brief or cite to any legal authorities or the record. *See* TEX. R. APP. P. 38.1(f), (i). Accordingly, we hold that Romero has waived any appellate issues due to inadequate briefing. *Hamilton v. Farmers Tex. Cty. Mut. Ins. Co.*, 328 S.W.3d 664, 667–68 (Tex. App.—Dallas 2010, no pet.) (concluding pro se litigant's issue inadequately briefed because argument did not "provide proper, meaningful analysis in support of his contentions"); *see Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 WL 4760201, at *6 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.).

In addition, to the extent that Romero's brief could possibly be construed as challenging the trial court's declaration that no informal marriage existed, we cannot review the entire record. The final judgment recites that a court reporter transcribed the trial testimony. But Romero—despite notice from this court, *see* TEX. R. APP. P. 37.3(c)—failed to pay for the reporter's record, and it was never filed. "It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When, as here, there is no reporter's record and no findings of fact, we would be required to presume the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

**Conclusion**

We affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.