# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-20-00180-CV
---

**In the Interest of L.G.J.**

---
### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV39274, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

The Office of the Attorney General of the State of Texas (OAG) seeks to appeal from the judgment in this cause. We will dismiss the appeal for want of jurisdiction because the orders in this case did not dispose of all parties and issues raised by the application for protective order.[1]

We must review sua sponte issues affecting jurisdiction. *See Hamilton v. Farmers Tex. Cnty. Mut. Ins..*, 328 S.W.3d 664, 666 (Tex. App.—Dallas 2010, no pet.); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Generally, appellate courts have jurisdiction over appeals from only final judgments and certain interlocutory orders as permitted by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014(a). A judgment following a

---

[1] Normally, an involuntary dismissal for want of jurisdiction requires ten days' notice to the parties. Tex. R. App. P. 42.3. Appellees' motion to dismiss put the parties on notice that jurisdiction was at issue, albeit on other grounds. To the extent that notice was otherwise required, we suspend that rule to expedite the decision in this case. *See* Tex. R. App. P. 2.

conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal. *See Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897-98 (Tex. 1966). The judgment in a case must conform to the pleadings. Tex. R. Civ. P. 301. A protective order rendered pursuant to the family code is a final, appealable order provided it disposes of all parties and all issues except in circumstances not applicable to this cause. *See* Tex. Fam. Code § 81.009; *Roper v. Jolliffe*, 493 S.W.3d 624, 633 (Tex. App.—Dallas 2015, pet. denied). A written judgment or order controls over a trial court's oral pronouncements. *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

The Protective Order is not final and appealable. The live pleading seeking relief in this case is the Application for Protective Order brought by E.S.A. on behalf of herself and her minor children, G.Z.J. and L.G.J. She requested a protective order prohibiting R.C.J. from committing violence against, communicating with, or going anywhere near her or the children. The trial court issued a temporary ex parte protective order shielding E.S.A. and the children from R.C.J. and extended it twice. At the final hearing on protective order, the trial court orally stated what it termed "a limited protective order" stating that R.C.J. have no contact with E.S.A. and clarified that the protective order would not extend to the children. The trial court signed a Protective Order that restricted R.C.J.'s conduct toward and communications with E.S.A. through February 7, 2021. The written Protective Order did not mention the children except in the style of the case, did not address the requests for their protection as had previous temporary orders, and did not contain any language of finality, such as stating that it "finally disposes of all parties and all claims and is appealable." *See Lehmann*, 39 S.W.3d at 205-06. The Protective Order is not a final, appealable order.

None of the other orders in the appellate record—the Agreed Order of Rescission of Acknowledgment of Paternity, the Order on Motion for New Trial, or the Order Granting Respondent's Motion to Strike Order for New Trial—disposes of the application for protection of the children, carries a presumption of finality, or contains the language of finality. None of the orders in this cause is among the appealable interlocutory orders. *See* Tex. Civ. Prac. & Rem. Code § 51.014.

Because there is not a final, appealable order in this record, we have no jurisdiction over this appeal.

**CONCLUSION**

Without regard to the merits of the issues raised by the parties' briefs, we dismiss this appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith
  Concurring Opinion by Justice Baker

Dismissed for Want of Jurisdiction

Filed: February 24, 2022

3