**Opinion issued February 15, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00865-CV

———————————

**ANGELA PEREZ DOWLING, Appellant**

**V.**

**STEVE R. PEREZ, Appellee**

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-52605A**

---

## MEMORANDUM OPINION

Angela Perez Dowling attempts to appeal the trial court's order dismissing her petition for writ of habeas corpus for the possession of a child under section 157.371 of the Texas Family Code.

We must determine whether Dowling has presented anything for our review. We note that, as she did in the habeas court, Dowling is representing herself on appeal. "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). An appellant's brief must "state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(f), (i); *ERI Consulting*, 318 S.W.3d at 880. Although we liberally construe pro se briefs, a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

Here, Dowling has resubmitted her "brief" filed with the habeas court. But she has not provided any citations to the record, cited applicable law, or provided substantive analysis for her contentions. *See* TEX. R. APP. P. 38.1(i); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—

2

Houston [1st Dist.] 2002, pet. denied) ("Rule 38 requires [appellant] to provide us with such discussion of the facts and the authorities relied upon . . . to maintain the point at issue. This is not done by merely uttering brief conclusory statements, unsupported by legal citations." (internal citations omitted)). When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal).

An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *See Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ("An appellate court is under no duty to make an independent search of the record for evidence supporting an appellant's position."); *Coleman v. Progressive Cnty. Mut. Ins. Co.*, No. 01-16-00448-CV, 2017 WL 3184753, at *1 (Tex. App.—Houston [1st Dist.] July 27, 2017, no pet.) (mem. op.) (same). To do so would abandon our role as neutral adjudicators and have us become an advocate for that party. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Coleman*, 2017 WL 3184753, at *1.

Dowling states some facts and makes conclusory assertions but does not raise any specific appellate issues or points for review. Nor does she cite to any legal

authorities or the record. *See* TEX. R. APP. P. 38.1(f), (i). Accordingly, we hold that Dowling has waived any appellate issues due to inadequate briefing. *Hamilton v. Farmers Tex. Cnty. Mut. Ins. Co.*, 328 S.W.3d 664, 668 (Tex. App.—Dallas 2010, no pet.) (concluding pro se litigant's issue inadequately briefed where argument did not "provide proper, meaningful analysis in support of his contentions"); *see also Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 WL 4760201, at *6 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.).

## Conclusion

We affirm the trial court's order dismissing Dowling's petition.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

4