William Espinoza PEÑA, Petitioner,

v.

David McDOWELL, Individually and
in his Official Capacity, et al.,
Respondents.

No. 05–0546.

Supreme Court of Texas.

Aug. 31, 2006.

William Espinoza Peña, Abilene, pro se.

David W. McDowell, Tennessee Colony,
pro se.

Greg Abbott, Atty. Gen., Barry Ross
McBee, Edward D. Burbach, David A. Tal-
bot Jr., Kimberly L. Fuchs, Rafael Ed-
ward Cruz, Austin, for amicus curiae.

PER CURIAM.

William Peña, an inmate incar-
cerated at the Angleton unit of the Tex-
as Department of Criminal Justice–Insti-
tutional Division, filed suit against the
Department as well as several individual
defendants, including the Office of the
Attorney General, alleging various tort
claims and violations of his state and
federal constitutional rights. The trial
court dismissed Peña's suit with preju-
dice as "frivolous or malicious." The
court of appeals affirmed the dismissal
but reformed the trial court's judgment
to read "without prejudice." *Pena v.
McDowell,* No. 12–03–00141–CV, 2004
WL 2423546, at *4 (Tex.App.-Tyler
Oct.29, 2004, no pet.). This was based
on the assumption that the trial court
had dismissed Peña's suit for failure to

comply with section 14.004 of the Civil Practices and Remedies Code, which requires an inmate to list, with particularity, the operative facts of any suit previously filed *in forma pauperis* by the inmate. *Id.* at *3–4. Under Texas law, such an error may be corrected through an amended pleading, so a dismissal with prejudice is not appropriate. *See id.* (citing *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex.App.-Corpus Christi 2001, pet. denied)).

Peña thereupon re-filed his suit. The trial court, acting *sua sponte*, again dismissed the case with prejudice as frivolous. Although Peña filed motions for reconsideration and for an evidentiary hearing, the trial court did not rule on either request. Peña filed a notice of appeal.

Immediately thereafter, the clerk of the Twelfth Court of Appeals sent Peña a letter that read, in relevant part:

> Pursuant to Tex.R.App. P. 37. 1, notice is hereby given that the notice of appeal filed in this case fails to contain the information specifically required by Tex. R.App. P. 25.1(e). You are hereby notified pursuant to Tex.R.App. P. 42.3, that unless a proper notice of appeal is filed with the trial court on or before Monday, May 9, 2005, the appeal will be referred to the Court for dismissal.

(emphasis omitted). Peña did not respond to this letter, and the court summarily dismissed his appeal, citing Peña's failure to comply with Rule 25.1(e) of the Rules of Appellate Procedure.[1] 2005 WL 115587 (Tex.App.-Tyler 2005, pet. filed).

■ Rule 25.1(e) requires that a notice of appeal in a civil case "be served on all parties to the trial court's final judgment." The court of appeals apparently dismissed the appeal because the notice of appeal failed to show on its face that the Office of the Attorney General had been properly notified of the appeal. However, the defect in Peña's notice of appeal does not appear to be that he failed to *actually* serve the Office of the Attorney General. Peña maintains in his brief that he did mail a copy of the notice of appeal to the Office of the Attorney General, and the amicus brief submitted on behalf of the Attorney General carefully avoids contradicting this statement. Instead, the Attorney General's position (and that of the court of appeals in the decision below) is that Peña's failure to include the name and address of the Attorney General on the *certificate of service* attached to the notice of appeal constitutes a violation of Rule 25.1(e).

However, Rule 25.1(e) makes no mention of a certificate of service. Indeed, nowhere in Rule 25 are litigants directed to include a certificate of service with their notice of appeal or as to what the contents of such a certificate ought to be. Rule 25.1(e) merely requires actual service on all parties to the trial court's judgment. A certificate of service is simply one method of demonstrating that actual service occurred and is addressed within an entirely different section of the Rules of Appellate Procedure. *See* Tex.R.App. P. 9.5(d) ("A document presented for filing must contain proof of service in the form of either an acknowledgment of service by the person served or a certificate of service.").

And while it is true that Peña's failure to include the Attorney General's name and address on his certificate of service violates Rule 9.5(d), it does not, strictly

---

1. Peña claims that he did not respond to the letter because he believed he had complied with Rule 25.1(e). Additionally, Peña alleges that someone from the clerk's office of the court of appeals notified him in a May 5, 2005 letter (received May 11, 2005) that he had perfected his appeal. A copy of that letter, however, has not been included in the record.

speaking, violate Rule 25.1(e)—the only basis cited for the inadequacy of his notice of appeal and the stated reason for the dismissal of his appeal. As a result, the dismissal of the appeal cannot be sustained on that ground.

We recognize that courts of appeals have routinely dismissed similar cases on the basis of Rule 25.1(e) even though a dismissal under Rule 9.5(d) would have been more appropriate. *See McCaleb v. Descisciolo,* No. 12–05–00122–CV, 2005 WL 1177062, at *1 (Tex.App.-Tyler May 18, 2005, no pet.); *Guajardo v. Guajardo,* No. 13–02–364–CV, 2003 WL 1562553, at *1 (Tex.App.-Corpus Christi Mar.27, 2003, no pet.). However, other courts have properly cited Rule 9.5(d) where appropriate. *See Reiners v. Reiners,* No. 10–04–00359–CV, 2005 WL 114669, at *1 (Tex. App.-Waco Jan.19, 2005, no pet.).

 While an experienced attorney might have been able to discern from the court's citation to Rule 25.1(e) that there was a problem with the certificate of service, our decision today does not amount to a special accommodation to a pro se litigant. To the contrary, it has long been our position that pro se litigants are not exempt from the rules of procedure. *Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex.2005); *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978). Rather, any litigant is entitled to relief from an erroneous decision of a court even though, as in this case, an experienced attorney might have been able to discern the actual reason for dismissal.

Rule 37.1 of the Rules of Appellate Procedure clearly requires an appellate clerk to notify the parties of a defect in the notice of appeal so that the appealing par-

ty can remedy the defect. Here, the appellate clerk failed to correctly identify the defect in Peña's notice of appeal and give him a chance to correct the mistake.

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to that court for proceedings consistent with this opinion.[2]

---

2. Peña's pending motions requesting a temporary restraining order, preliminary injunction, and judicial notice are hereby denied.