In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-425 CV


____________________



CHRISTOPHER HOGAN, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CRIMINAL 


INSTITUTIONAL DIVISION, JAMES MOSSBARGER,


and JEFFREY FURR, Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-176,194






MEMORANDUM OPINION


 Christopher Hogan, an inmate, filed suit for injunctive relief and damages under the
Texas Tort Claims Act and 42 U.S.C. § 1983 against TDCJ employees James Mossbarger
and Jeffrey Furr related to a disciplinary hearing. (1) Mossbarger and Furr filed a motion to
dismiss Hogan's suit pursuant to Chapter 14 of the Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002). Hogan appeals the trial
court's order granting the motion and dismissing his case. 

 We review a Chapter 14 dismissal under an abuse of discretion standard. Moore v.
Zeller, 153 S.W.3d 262, 263 (Tex. App.--Beaumont 2004, pet. denied). To establish an
abuse of discretion, an appellant must show the trial court acted arbitrarily or unreasonably
in light of the circumstances. Jackson v. Tex. Dept' of Crim. Justice-Inst'l Div., 28 S.W.3d
811, 813 (Tex. App.--Corpus Christi 2000, pet. denied). Trial courts are given broad
discretion to determine whether a case should be dismissed because: "(1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit;
(3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the
benefit of state officials, courts, and meritorious claimants." See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.--Tyler 1994, no writ).

 Section 14.003 allows a court to dismiss an inmate claim if it determines the allegation
of poverty in the affidavit or unsworn declaration is false, if the claim is frivolous or
malicious, or if the inmate filed an affidavit or unsworn declaration required by Chapter 14
that the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). To enable
the court to determine whether the suit arises from the same operative facts as a previous
claim filed by the same inmate, thereby making the suit frivolous, section 14.004 requires the
inmate to file an affidavit or declaration "relating to previous filings." Tex. Civ. Prac. &
Rem. Code Ann. § 14.004 (Vernon 2002); Spurlock v. Johnson, 94 S.W.3d 655, 658 (Tex.
App.--San Antonio 2002, no pet.). In this affidavit, the inmate must identify each suit, other
than a suit under the Texas Family Code, that he has previously filed pro se and must
describe each of those suits by (a) stating the operative facts for which relief was sought; (b)
listing the case name, cause number, and the court in which the suit was brought; (c)
identifying each party named in the suit; and (d) stating the result of the suit, including
whether the suit was dismissed as frivolous or malicious, and the date it was dismissed. Tex.
Civ. Prac. & Rem. Code Ann. § 14.004(a)(2),(b). Section 14.005, entitled "Grievance
System Decision; Exhaustion of Administrative Remedies," provides

 (a) An inmate who files a claim that is subject to the grievance system
established under Section 501.008, Government Code, shall file with the court:

 (1) an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision described by Section
501.008(d), Government Code, was received by the inmate; and 

 (2) a copy of the written decision from the grievance system.

 (b) A court shall dismiss a claim if the inmate fails to file the claim before the
31st day after the date the inmate receives the written decision from the
grievance system.

 (c) If a claim is filed before the grievance system procedure is complete, the
court shall stay the proceeding with respect to the claim for a period not to
exceed 180 days to permit completion of the grievance system procedure.


Id. § 14.005 (Vernon 2002).


 The motion to dismiss alleged that Hogan failed to list all suits brought by him in the
affidavit required by section 14.004, failed to indicate when he received the written decisions
from the grievance system as required by section 14.005(a)(1), failed to attach the Step 1
grievance as required by section 14.005(a)(2), and failed to file his claim within thirty-one
days after the date he received the written decision from the grievance system. Hogan filed
a motion for leave to file an amended complaint to remedy his admitted failure to comply
with sections 14.004 and 14.005(a) and filed a response to Mossbarger and Furr's motion to
dismiss. He attached exhibits including an affidavit of previous filings which included the
suit Mossbarger and Furr asserted he failed to include, an unsworn declaration stating the
dates he filed his grievances, and a copy of his Step 1 grievance. 

 Hogan presents three issues on appeal. In issues one and three, he argues his limited
access to the law libraries at the prison units in which he was confined and access to limited
supplies prevented him from effectively researching his claim and meeting section
14.005(b)'s thirty-one-day deadline. In his written response to Mossbarger and Furr's motion
to dismiss, Hogan asserted he had not met section 14.005(b)'s thirty-one-day deadline
because he "receiv[ed] a late Notice of Extension of Time and a late Step 2 response [which]
conceal[ed] facts that were necessary for [Hogan] to know he had a cause of action." (2) At the
hearing on the motion to dismiss (3), the trial court asked Hogan to respond to Mossbarger and
Furr's allegations that Hogan failed to comply with the thirty-one-day deadline:

 THE COURT: Mr. Hogan, what do you say in reply?


 MR. HOGAN: Well, sir - -


 . . . . 


 Well, I filed for a motion to extend time so I could get my -- my
complaint in. I filed that in that supreme -- in that other court, but they sent me
back and told me it wasn't -- that I filed a lawsuit in that court. It was I was
trying to get a motion for extension of time. So, I was -- I really didn't file --
I didn't know what I was doing, as a matter of fact. I had to do some research
on how to file a complaint; and then when I did file my complaint, you know,
I don't understand how it was out of time.


 THE COURT: Anything further?


 MR. HOGAN: No, sir. 

As to Hogan's failure to meet the thirty-one-day deadline, he failed to raise his argument that
he had been denied adequate time in the law library and adequate supplies both in his
pleadings as well as at the hearing on the motion to dismiss. Because he failed to raise this
ground to the trial court, we cannot address it on appeal. Tex. R. App. P. 33.1(a)(1)(A). 
Hogan admitted he failed to file his claim within thirty-one days of receiving a written
decision from the grievance system procedure. The trial court did not abuse its discretion in
dismissing the suit pursuant to section 14.005(b). We overrule issues one and three.

 In his second issue, Hogan complains that the prison law librarian removed the copy
of his Step 1 grievance from two outgoing pieces of legal mail preventing his Step 1
grievances from reaching the courts and the Attorney General's office. Because the trial
court properly dismissed Hogan's claim pursuant to section 14.005(b), we do not reach this
issue. 

 We affirm the trial court's order granting Mossbarger and Furr's motion to dismiss.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on April 12, 2007

Opinion Delivered August 16, 2007



Before McKeithen, C.J., Kreger and Horton, JJ.
1. Hogan later filed amended complaints adding new defendants and causes of
action. 
2. Even if these assertions not raised on appeal were true, the time period under
section 14.005(b) began when Hogan received a final written decision from the grievance
system. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). 
3. Mossbarger and Furr filed an amended motion to dismiss under Chapter 14, but
they only argued the original motion at the hearing because the amended motion was
mailed to Hogan at the wrong prison unit. Regardless of which motion was before the
trial court at the hearing, a trial court can sua sponte dismiss a suit for not complying with
Chapter 14's requirements. See generally Pena v. McDowell, 201 S.W.3d 665, 665 (Tex.
2006).