COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-369-CV

 

 

MICHAEL ROGER WICHMAN                                                 APPELLANT

 

                                                   V.

 

CATHY ANN WICHMAN                                                          APPELLEE

 

                                              ------------

 

           FROM THE 231ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Michael Roger Wichman appeals from the
trial court=s postanswer default judgment in
this divorce case involving children.  In
two issues, Michael contends that the trial court failed to properly and timely
notify him of the trial setting, violating his rights of due process, and that
the trial court abused its discretion in dividing the community estate.  Because we hold that the trial court properly
notified Michael of the trial setting but abused its discretion in dividing the
community estate, we affirm the trial court=s
judgment in part, reverse it in part, and remand this case for a new trial on
the division of the community estate.

In his first issue, Michael contends that the
trial court failed to properly and timely notify him of the trial setting,
pursuant to rule of civil procedure 245, violating his due process rights.  Rule 245 provides, 

The Court may set
contested cases on written request of any party, or on the court=s own motion, with
reasonable notice of not less than forty‑five days to the parties of a
first setting for trial, or by agreement of the parties;  provided, however, that when a case
previously has been set for trial, the Court may reset said contested case to a
later date on any reasonable notice to the parties or by agreement of the
parties. . . .

 

A request for trial setting constitutes a representation that the
requesting party reasonably and in good faith expects to be ready for trial by
the date requested, but no additional representation concerning the completion
of pretrial proceedings or of current readiness for trial shall be required in
order to obtain a trial setting in a contested case.[2]

 

Tarrant County Local Rule 3.03(b) provides,








As soon as practical before the trial date, parties will be notified
by the Court to report for trial during the trial week and parties need not
appear until called. However, all parties and their attorneys are expected to
be available for trial upon short notice during the week that the case has been
set for trial. Any case not reached during the week that it is set for trial
will be reset by the Court after consultation with the parties.[3]

 

Local Rule 4.03 provides,

 

(1) Final Trial.   Cases will be set for final trial upon
written request using the procedure and form as may be required by the specific
Court.  Each Court=s procedure and setting
request form shall be obtained from the Court=s coordinator.[4] 

 

The record shows that Michael received a trial
setting request on August 15, 2006 for the week of October 8, more than
forty-five days before trial.  The record
also shows that the court coordinator called him on Thursday, October 5, 2006,
to alert him that his case would be tried on Monday, October 9, 2006.  Additionally, the record shows that Appellee
Cathy Wichman=s attorney responded to Michael=s email
query regarding the setting by stating that she would be asking for the trial
to proceed on Monday and, AI cannot
tell you what to do.  All I can say is
that when a District Judge calls you for a final trial, you should show
up.  I will be there.@  Michael replied, ANot a
chance.@ 








Contrary to Michael=s
unsupported assertions, a request for a trial setting provides sufficient
notice of the trial setting.[5]  While Michael attempts to excuse his alleged
misunderstanding of the family court=s
procedure and his willful failure to attend trial by relying on his pro se
status, the Supreme Court of Texas has held that A[l]itigants
who represent themselves must comply with the applicable procedural rules, or
else they would be given an unfair advantage over litigants represented by
counsel.@[6]  We hold that the notice in this case was
proper under rule of civil procedure 245.[7]

Michael insists in his brief and reply brief that
a Craddock[8]
analysis is unnecessary in this case, but he also argues in his reply brief
that his failure to appear at trial was not the result of conscious
indifference.  Based on the evidence
relied on aboveCthe trial setting request, the
exchanged emails, and the telephone call from the court coordinatorCwe hold
that in the interest of justice that Michael has not met his burden to prove
that his failure to appear was not intentional or the result of conscious
indifference but was due to a mistake or accident.[9]  We overrule Michael=s first
issue.








In his second issue, Michael contends that the
trial court abused its discretion in dividing the community estate because the
division was based on insufficient evidence. 
Specifically, Michael contends that the balance sheet offered by Cathy
at trial was not admitted into evidence, that there is no other evidence of the
value of the property, that there is no evidence regarding tax liability, and
that the evidence does not support a disproportionate division of the community
estate.








A trial court is charged with dividing the
community estate in a Ajust and right@ manner,
considering the rights of both parties.[10]  If there is any reasonable basis for doing
so, we must presume that the trial court exercised its discretion properly.[11]  We will not disturb the trial court=s
division unless the record demonstrates Athat the
division was clearly the result of an abuse of discretion.@[12]  That is, we will not reverse the case unless
the record clearly shows that the trial court was acting arbitrarily or
unreasonably.[13]  The complaining party has the burden of
proving from the record that the division was so unjust that the trial court
abused its discretion.[14]  The values of individual items Aare
evidentiary to the ultimate issue of whether the trial court divided the
properties in a just and right manner.@[15]

Cathy=s lawyer
offered Petitioner=s Exhibit Number 1, the balance
sheet, into evidence, explaining that Ait=s just
an outline of his [sic] community estate.@  Cathy testified that the document listed the
community assets and community debts and that the division was more than
fair.  In response to the trial court=s
questions, she testified that she believed that the values listed for the
assets were the assets= reasonable market values and
that the community estate had a negative value. 
The trial court did not admit the balance sheet into evidence, but it is
clear from the record that both the trial court and Cathy considered the
balance sheet. 

The record contains no explanation of how Cathy
arrived at the values in the balance sheet, and there is no evidence in the
record about the value of the community estate as a whole or the individual
values of the assets and liabilities therein. 
There is no evidence of fault, and no evidence of tax liability, if any.








A trial court is presumed to consider only the
testimony and exhibits properly in evidence.[16]
The Supreme Court of Texas has held that an administrative record relied on as
evidence by the trial court and both parties is constructively admitted as
evidence,[17]
and it has noted that A[a]ppellate courts have
repeatedly held that evidence that is not objected to and that the trial court
and the parties treat as admitted is, for all practical purposes, admitted.@[18]  But because this case is a default judgment,
both parties did not rely on the balance sheet as evidence.  We are unwilling to expand the exception to
the general rule to cover a document not admitted into evidence when the
opposing party is not present to challenge it.

Additionally, we have held that








[w]hen reviewing the merits of the trial court=s
decision, we are limited to considering the material that was before the trial
court at the time that it ruled.  As a
general rule, documents not admitted into evidence are not considered by an
appellate court.  An inventory and
appraisement that has not been admitted into evidence is more like a party=s
pleading.  A court may take judicial
notice of its own files and the fact that a pleading has been filed in a
case.  A court may not, however, take
judicial notice of the truth of allegations in its records.  Thus, unless a party=s
inventory and appraisal has been admitted into evidence, it may not be
considered as evidence of a property=s
characterization of value.[19]

In accord with our decision in Barnard, we
therefore hold that the balance sheet cannot be considered as evidence.  Because there is no evidence of the community
estate=s value,
we hold that the trial court abused its discretion in dividing the community
estate.[20]  We sustain Michael=s second
issue.

Having overruled Michael=s first
issue and having sustained his second issue, we affirm the trial court=s
judgment in part and reverse it in part. 
We affirm the trial court=s
judgment as to the divorce and all provisions related to the children.  But we reverse the trial court=s
judgment as to the division of the community estate and remand this case for a
new trial on the division of the community estate. 

 

LEE
ANN DAUPHINOT

JUSTICE

 

 

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

WALKER, J. concurs without opinion.








DELIVERED:  February 14, 2008











[1]See Tex. R. App. P.
47.4.





[2]Tex. R. Civ. P. 245.





[3]Tarrant County Loc. R. 3.03(b).





[4]Tarrant County Loc. R. 4.03(1).





[5]Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978). 





[6]Id.; see
Pena v. McDowell, 201 S.W.3d 665, 667 (Tex. 2006).





[7]See Tex. R. Civ. P. 245.





[8]Craddock v. Sunshine Bus
Lines,
Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).





[9]See In re R.R., 209 S.W.3d 112, 114
(Tex. 2006).





[10]Tex. Fam. Code Ann. ' 7.001
(Vernon 2006).





[11]Pletcher v. Goetz, 9 S.W.3d 442, 446 (Tex. App.CFort Worth 1999, pet. denied) (op. on reh=g).





[12]Id.





[13]See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).





[14]Pletcher, 9
S.W.3d at 446.





[15]Finch v. Finch,
825 S.W.2d 218, 221 (Tex. App.CHouston [1st Dist.] 1992, no writ); see Wallace v.
Wallace, 623 S.W.2d 723, 725 (Tex. Civ. App.CHouston [1st Dist.] 1981, writ dism=d).





[16]Barnard v. Barnard, 133 S.W.3d 782, 788 (Tex. App.CFort Worth 2004, pet. denied).





[17]Sanchez v. Bexar County Sheriff's Dep=t, 134 S.W.3d 202, 203 (Tex. 2004); Tex. Health
Enters., Inc. v. Tex. Dep't of Human Servs., 949 S.W.2d 313, 314 (Tex.
1997).





[18]Tex. Health Enters., Inc., 949 S.W.2d at 314.





[19]Barnard, 133
S.W.3d at 789 (citations omitted).





[20]See id. at
790.