

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00210-CV

_____

IN RE CHRISTOPHER A. SINCLAIR, RELATOR

Original Proceeding Arising from the 320th District Court[1]
Potter County, Texas
Honorable Don Emerson, Presiding

July 31, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Christopher A. Sinclair, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Potter County District Clerk, Caroline Woodburn, to file his "Motion for Nunc Pro Tunc." For the reasons expressed herein, we deny Relator's request and dismiss his petition for writ of mandamus for want of jurisdiction.

---

[1]Throughout his petition, Relator references the "32nd" District Court; however, the 32nd District Court does not sit in Potter County. We presume Relator intended to reference the 320th District Court of Potter County.

This Court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b) (WEST 2004). In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex.App.--San Antonio 1998, no pet.). Relator does not have an appeal pending in this Court nor has he demonstrated that the exercise of our mandamus authority against the Potter County District Clerk is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against Caroline Woodburn.

Additionally, Relator has not complied with the applicable rules of procedure for filing an original proceeding in this Court. *See* TEX. R. APP. P. 52.3. The fact that Relator is proceeding *pro se* does not excuse his compliance with procedural rules. *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006).

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice