ACCEPTED
01-14-00870-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/18/2015 4:58:06 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00870-CV**

In the Court of Appeals
For the First District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/18/2015 4:58:06 PM

CHRISTOPHER A. PRINE
Clerk

Elishah Sawyers; Pax Freight & Crate, Inc.;
and Robin Sawyers,

Appellants

vs.

Mark Carter and Sally Carter,

Appellees

Appeal from the 506th Judicial District Court of
Waller County, Texas
Trial Court Cause No. 14-07-22604

**APPELLEES REPLY TO APPELLANTS' RESPONSE TO THIS COURT'S INQUIRY REGARDING   JURISDICTION AND APPELLEES' MOTION TO STRIKE APPELLANTS' NOTICE OF APPEAL**

Mr. Bruce C. Tough
State Bar No. 20151500
Tough Law Firm, PLLC
819 Crossbridge Drive
Spring, Texas 77373
btough@toughlawfirm.net
telephone: (281) 681-0808
telecopier: (281) 281-0809
*Lead Counsel for Appellees Mark Carter and Sally Carter*

1

**No. 01-14-00870-CV**

---

In the Court of Appeals
For the First District of Texas
Houston, Texas

---

Elishah Sawyers; Pax Freight & Crate, Inc.;
and Robin Sawyers,

Appellants

vs.

Mark Carter and Sally Carter,

Appellees

---

Appeal from the 506th Judicial District Court of
Waller County, Texas
Trial Court Cause No. 14-07-22604

---

**APPELLEES REPLY TO APPELLANTS' RESPONSE TO THIS COURT'S INQUIRY REGARDING   JURISDICTION AND APPELLEES' MOTION TO STRIKE APPELLANTS' NOTICE OF APPEAL**

---

**TO THE HONORABLE FIRST COURT OF APPEALS:**

**NOW COME** Appellees, Mark and Sally Carter, to file this reply to Appellants' response to this Court's inquiry regarding its jurisdiction and Appellees' motion to strike the notice of appeal and, in support thereof, the Appellees would respectfully show the Court as follows:

2

1.    The trial court's judgment was signed in this case on September 12, 2014.    No motion for new trial was filed; therefore, Appellants' notice of appeal was due no later than October 12, 2014. *See Tex. R. App. P.* 4.1(a), 26.1. Appellants filed their notice of appeal on October 27, 2014. Appellees filed a motion to strike the notice of appeal which this Court denied. The Appellate Court then directed appellants to address the issue of their jurisdiction and offer a "reasonable explanation" for the late filing of the notice of appeal. As shown below, Appellants have offered not only an improper "reasonable explanation" but, irrespective of its propriety, one that has been waived by their failure to seek relief in the trial court under Texas Rules of Civil Procedure 306a.5.

2.    On December 14, 2014, Appellants filed their response to this Court's inquiry on jurisdiction and submitted their "reasonable explanation" for their late filing of notice of appeal, to wit - the Appellants did not first learn of the default judgment until it was too late to file a motion for new trial or notice of appeal because of the failure of the trial court clerk and Appellees to notice Appellants within 30 days of the judgment.    Their response also concedes that the Appellate Court lacks subject matter jurisdiction.  A careful review of their response and supporting affidavits to their response to the Court's inquiry indicates bad faith on the part of

3

Appellants and shows an intent to undermine the jurisdictional division between the trial and appellate courts, i.e. "play" the courts by seeking relief in the Appellate Court that is reserved to the Trial Court, assert irreconcilable positions, disguise their trial missteps in a detailed discussion of issues and facts not germane to the issue of this Court's jurisdiction, and excuse Appellants' late filing because of their pro se status, all to the prejudice of Appellees.

3.     The sole issue before this Court is whether or not the untimely filing of the notice of appeal invoked this Court's subject matter jurisdiction. The timely filing of a notice of appeal is jurisdictional. *Tex. R. App. P.* 25.1(b), 26.3.  A notice of appeal must be timely filed within thirty days after a judgment is signed unless the appellant files a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law.  *Tex. R. App. P.* 26.1.  The Appellants did not file a post-judgment .

4.     Because Appellants' notice of appeal was untimely, and their "reasonable explanation" for the late filing is not sufficient, the Appellate Court lacks jurisdiction and must dismiss this appeal. Accordingly, it also does not have the jurisdiction to review whether or not the judgment is final or interlocutory, whether or not the judgment is supported legally and

4

factually, and whether or not the service of citation and return of citation were proper. Appellants have wholly digressed from this Court's inquiry regarding its jurisdiction by improperly discussing those matters that are reserved to this Court's review only *after* their subject matter jurisdiction has been established.

5.     The only matter before the Court and discussed herein is whether or not the Appellants have offered a "reasonable explanation" for the late filing of their notice of appeal. Appellants' "reasonable explanation" invokes the jurisdiction of the Trial Court pursuant to Texas Rules of Civil Procedure 306a.5 and is, therefore, wholly insufficient.  On the basis of Appellants' failure to properly invoke trial court relief with a 306a.5 hearing or provide a sufficient "reasonable explanation" for its late filing, this appeal should be dismissed for lack of subject matter jurisdiction.

6.     In affidavits attached to their response on the Court's inquiry regarding jurisdiction, Appellants do not state that the lawsuit was served on them or when the lawsuit was served on them, yet they acknowledge timely efiling answers to the petition on August 4, 2014 and even attach their answers as exhibits to the affidavits.   The Appellants also acknowledge that their friend assured them that she had filed the answers and was told on August 4th or 5th that it may be a few days before the

5

answers showed up in the system. They further acknowledge that between August 5, 2014 and October 22, 2014, they did nothing and received nothing in regards to the lawsuit. They then acknowledge that *had they learned of the default judgment within twenty (30) days of it being signed, they would have timely filed a post-judgment motion or notice of appeal*. They also acknowledge that the reason they did not learn of the default judgment in time to timely file a motion to vacate or notice of appeal was because the trial court clerk and appellees failed to send the required notice. In short, the affidavits suggest a thoughtful and deliberate analysis of the steps to take in response to the lawsuit; they merely made a choice to take the wrong steps. *Please see* the affidavits attached to their response to the Court's inquiry.

7.      Based on the foregoing, Appellants are not entitled to additional time to file their notice of appeal because they did not satisfy the requirements of rule 4.2 of the Texas Rules of Appellate Procedure which requires action to be taken in the trial court under rule 306a(5) of the Texas Rules of Civil Procedure. Texas Rule of Civil Procedure 4.2(a)(1), (b) and (c) provide, as follows:

"(a) *Additional Time to File Documents.* (1) . . . If a party affected by a judgment . . . has not – within 20 days after the judgment . . . was signed – either received the notice required by Texas Rule of Civil Procedure 306a.3

6

or acquired actual knowledge of the signing of the trial court's judgment within twenty days after the judgment was signed, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date on which the party receives notice or acquired actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

. . .

(b) *Procedure to Gain Additional Time.* The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a.5" *See* Tex. R. App. P. 4.2(a).

(c) *The Court's Order.* After hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment . . .was signed."

8. Appellants are not entitled to obtain the benefit of rule 4.2(a), however, because they failed to follow the procedure set out in Texas Rule of Civil Procedure 306a.5 to obtain a written order signed by the Trial Court setting out the date on which the party received notice or actual knowledge of the judgment. *Id.* 4.2(b), (c). In order to establish that date, Appellants were required to prove in the trial court, on sworn motion *and notice to Appellees*, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. *Tex. R. Civ. P.* 306a.5; *see John v. Marshall Health Servs., Inc.,* 58 S.W.3d 738, 741 (Tex. 2001). **Compliance with the provisions of rule 306a is a**

**jurisdictional prerequisite.** *Mem 'l Hosp. v. Gillis,* 741 S.W.2d 364, 365, (Tex. 1987).

9.     In this case, Appellants have not asserted that a rule 306a.5 hearing took place in the trial court, nor does the record reflect that they filed a motion and received a ruling on that motion. Instead, based on their allegation that the Trial Court and Appellees did not serve notice of the default judgment within 30 days of the judgment, the Appellants believe that they are not subject to the prescripts of the civil and appellate rules of court and may accomplish in the Appellate Court what they failed to do in the Trial Court. Therefore, Appellants may not rely on Tex. R. App. P. 4.2(a) to extend the time for filing their notice of appeal.

10.     Appellants also are not entitled to obtain the benefit of the extension period provided by Texas Rules of Appellate Procedure 26.3, which presumably precipitated this Court's Inquiry on its subject matter jurisdiction. When a party files a notice of appeal within fifteen days after the day it is due, as Appellants did herein, Texas Rules of Appellate Procedure 26.3 permits the party to file a motion to extend time to file the notice of appeal or the court will necessarily imply a timely motion for extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Although the Appellants filed the notice of appeal on the last day of the

8

extended 15-day period, they did not file the motion for extension of time, thereby necessitating this Court's inquiry on their jurisdiction.

11. The Texas Supreme Court has defined "reasonable explanation" to mean "'any plausible statement of circumstance indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance.'" *Zhao v. Lone Star Engine Installation Ctr.*, No. 05-09-01055-CV, 2009 Tex. App. LEXIS 7767, 2009 WL 3177578, at *1 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex.1989)). Regardless of when Appellants first learned of the default judgment, the late filing of their notice of appeal is not excusable because they chose not to follow the procedures in Texas Rules of Civil Procedure 306a(4), (5) to establish the date on which they received late notice of a judgment. *Gilstrap v. Calley,* 2004 Tex. App. LEXIS 11035 (Tex. App. Houston 14th Dist. Dec. 9, 2004). By their own acknowledgements, their actions were deliberate and imply a thoughtful analysis to file the notice of appeal instead of the rule 306a.5 motion in the trial court. The mistake was the Appellants' hoping to accomplish in the Appellate Court what they deliberately *decided* not to do in the trial court. To allow Appellants a pass because of their pro se status will fatally prejudice the Appellees.

9

12. In offering their "reasonable explanation", Appellants attempt to lasso out of the Trial Court's purview into that of the Appellate Court the decision to establish the date on which Appellants learned of the default judgment. This "reasonable explanation" is improper, and has been waived by Appellants' failure to seek the date's determination in the Trial Court in a Texas Rule of Civil Procedure 306a.5 evidentiary hearing where Appellees are given the opportunity to participate and submit controverting evidence of the date on which Appellants first learned of the default judgment. See *Owusu v. Citibank, N.A.*, 2009 Tex. App. LEXIS 7376 (Tex. App. Dallas Sept. 22, 2009). For instance, evidence may have shown that Appellants received timely notice of the default judgment from the clerk or appellees and because that would have been established at the hearing, Appellants sought relief in the appellate court hoping to bypass the evidentiary hearing.

13. These legal missteps cannot be excused because of the pro se status of appellants. Pro se litigants are held to the same standards of licensed counsel. *Gilstrap v. Calley,* 2004 Tex. App. LEXIS 11035 9Tex. App. Houston 14th Dist. Dec. 9 2004); *Pena v. McDowell,* 201 S.W.3d 665, 667 (Tex. 2006). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *McClain v. USA*

*Today Newspaper,* 2010 Tex. App. LEXIS 4542 (Tex. APP. Dallas June 17, 2010). And, it would be patently unfair and prejudicial to Appellees' right to fair treatment in our judicial system of justice. Appellees herein have been deprived of the opportunity to offer controverting evidence in the trial court of the date on which Appellants first acquired knowledge of the default judgment. Appellants acknowledge they would have filed a motion for new trial instead of a late notice of appeal had they received actual notice of the default judgment within 30 days of the judgment. This acknowledgment implies that they would have waived defective service by not filing a motion to quash defective service first. The acceptance of Appellants' "reasonable explanation" will deprive Appellees of the opportunity to be heard and submit controverting evidence at the trial court rule 306a.5 hearing and the waiver of defective service.

14. The record herein does not contain a written order; consequently, Appellants are *not* entitled to receive an extension of time for perfecting an appeal under rule 4.2 of the Texas Rules of Civil Procedure. *See In re Bokeloh,* 21 S.W.3d 784, 793 (Tex. App.-Houston [14th Dist.] 2000, no pet.); *Grondona v. Sutton,* 991 S.W.2d 90, 92 (Tex. App.-Austin 1998, pet. denied).

15. For the foregoing reasons, appellees request that the Court strike the notice of appeal and dismiss this appeal for lack of subject matter jurisdiction and grant all other relief to which Appellees are entitled.

Respectfully submitted,

**TOUGH LAW FIRM, PLLC**

___/s/ Bruce C. Tough_____
**Bruce C. Tough**
btough@toughlawfirm.net email
State Bar No. 20151500
819 Crossbridge Drive
Spring, Texas 77373
(281) 681-0808 telephone
(281) 681-0809 telecopy
**Lead Counsel for Appellees**
**Mark Carter and Sally Carter**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been forwarded by e-filing and e-service to all lead counsel of record, on this 18th day of March, 2015, as follows:

Scott Rothenberg
LAW OFFICES OF SCOTT ROTHENBERG
2777 Allen Parkway, Suite 1000
Houston, Texas 77019-2165
(713) 667-0052 telecopier
scott@rothenberglaw.com email
***Counsel for Appellants***
***Elishah Sawyers; Pax Freight &***
***Crate, Inc.; and Robin Sawyers***

/s/  Bruce C. Tough
Bruce C. Tough