

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00308-CV
_____

IN RE STEPHEN WALKER, RELATOR

Original Proceeding
Arising From Proceedings Before the 251st District Court
Potter County, Texas
Trial Court No. 107,191-C; Honorable Ana Estevez, Presiding

September 25, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Relator, Stephen Walker, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel Caroline Woodburn, District Clerk of Potter County, to provide him with copies of documents filed in his civil suit against Kevin Foley, former warden of the William P. Clements Unit of the Institutional Division of the Texas Department of Criminal Justice. For reasons expressed herein, we dismiss Relator's petition for writ of mandamus for want of jurisdiction.

BACKGROUND

According to his petition, Relator sued Warden Foley in his official capacity for damages to property he alleges was stolen or damaged by officers under the warden's charge. Relator alleges that after Warden Foley left his position, he did not provide him with a change of address or an answer to his lawsuit, if one was filed. Relator also claims he filed a document with the Potter County District Clerk entitled *Permission to Leave for Motion to Amend or Alter Ad Damnum Clause Judgement and Motion for Default Judgement.* He also contends he requested copies of motions and any answers filed in his suit from the district clerk which had yet to be provided. He asks this court to direct the Potter County District Clerk to comply with his requests.

ANALYSIS

This court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2017). In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding). Relator does not have an appeal pending in this court nor has he demonstrated that the exercise of our mandamus authority against the Potter County District Clerk is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against Caroline Woodburn.

Even if we could exercise our jurisdiction, Relator has not complied with the applicable rules of procedure for filing an original proceeding in this court. *See* TEX. R. APP. P. 52.3(a) – (h), (j), (k). The fact that Relator is proceeding pro se does not excuse

2

his compliance with procedural rules. *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006).

CONCLUSION

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

Per Curiam