

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00152-CV
_____

IN RE ALVIN ORTIZ, RELATOR

Original Proceeding

July 16, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Alvin Ortiz, proceeding *pro se*, seeks relief from the dismissal of charges against his former spouse for assault-family violence she allegedly committed against him. For reasons expressed herein, we dismiss his "Application for a Writ of Mandamus" based on a want of jurisdiction and we deny his request for appointed counsel.

### BACKGROUND

Relator is a *pro se* litigant, incarcerated in the Duncan Facility of the Correctional Institutions Division of the Texas Department of Criminal Justice. His petition does not provide any information regarding the reasons for his incarceration. He alleges that his

former spouse committed assault-family violence against him and that she was charged with aggravated assault under section 22.02(a)(1) of the Texas Penal Code.[1]  He then avers that the charge was dismissed by "Amarillo Municipal Court."[2]

Relator relies on article 5.06 of the Texas Code of Criminal Procedure to support his complaint that the charges against his former spouse should not have been dismissed by either the prosecutor or by the trial court.  TEX. CODE CRIM. PROC. ANN. art. 5.06(a)(1) (West 2015).[3]  He contends he has no adequate remedy at law and that the dismissal of prosecution works an injustice upon him.  As best as this court can decipher from Relator's petition, he seeks to have the charges against his former spouse reinstated.

**MANDAMUS STANDARD OF REVIEW**

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).  When seeking mandamus relief, a relator bears the burden of

---

[1] Section 22.02(a)(1) criminalizes an assault causing serious bodily injury to another, including the person's spouse.  TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2019).  The offense is a second degree felony. *Id.* at § 22.02(b).

[2] We note that the Amarillo Municipal Court does not have jurisdiction over a second degree felony. A felony offense committed in the City of Amarillo would be prosecuted in one of the five district courts presiding in Potter and Randall Counties, Texas, depending on where in the city the offense occurred.

[3] Article 5.06 provides in part as follows:

  (a) Neither a prosecuting attorney nor a court may:

  (1) dismiss or delay any criminal proceeding that involves a prosecution for an offense that constitutes family violence because a civil proceeding is pending or not pending . . . .

proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

### JURISDICTION OVER A PROSECUTOR

This court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2020). For a prosecutor to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding). Relator has not demonstrated that the exercise of our mandamus authority against a prosecutor is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against a prosecutor in this proceeding.

### JURISDICTION OVER A TRIAL JUDGE

Furthermore, in his petition, Relator does not name a respondent which is required by Rule 52.3(a) and (d)(2) of the Texas Rules of Appellate Procedure. His only reference to a judicial body is to the Amarillo Municipal Court. Under section 22.221(b) of the Government Code, this court only has authority to issue writs of mandamus against the judge of a district or county court within our jurisdiction. As such, Relator has not provided any information to deduce an appropriate respondent in this proceeding. Neither has he alleged an abuse of discretion by a district or county court subject to our jurisdiction.

Moreover, even if we could exercise our jurisdiction, Relator has not complied with the mandatory requirements for filing an original proceeding in this court. *See* TEX. R.

APP. P. 52.3.  The fact that Relator is proceeding *pro se* does not excuse his compliance

with these procedural rules.  *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006).

**CONCLUSION**

Relator's application for writ of mandamus is dismissed for want of jurisdiction and

his request for the appointment of counsel is denied.[4]


Per Curiam

---

[4] Relator's request for appointment of counsel is also not properly before this court.  Only the trial court has authority to appoint counsel for an indigent defendant under certain circumstances.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2020).