

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00220-CR
_____

IN RE CHRISTOPHER J. WARD, RELATOR

ORIGINAL PROCEEDING

July 6, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Relator, Christopher J. Ward, proceeding pro se, seeks a writ of mandamus asking this Court to compel the Honorable William R. Eichman, Judge of the 364th District Court in Lubbock County to act on various motions and a writ of habeas corpus pending in the trial court.[1] For the reasons expressed herein, the request for relief is denied.

Relator asserts he has been incarcerated since August 17, 2021, and has filed the following documents in the trial court:

- Motion for Discovery
- Motion to Suppress Evidence

---

[1] We note that although Relator's filing is entitled "Writ of Habeas Corpus," he seeks action on documents pending in the trial court which is generally cognizable via mandamus.

- Writ of Habeas Corpus
- Motion for Continuance and Authorization of Funds to Allow Independent Analysis
- Motion to Sever

Relator contends there has been no response or acknowledgement to his filings, which span from October 2022 through February 2023. No other facts or details are provided relevant to his request for relief.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co.*, *L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

2

When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed depends on the circumstances of each case. *Ex parte Barnes*, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

We first address the mandatory requirements for filing a petition for writ of mandamus in this Court. *See* TEX. R. APP. P. 52.3. Relator has failed to comply with most of the requirements, some of which are vital to consideration of his complaints. Rule 52.3(k) requires a petition include an *Appendix* with a certified or sworn copy of any order or document complained of showing the subject matter of the complaint. TEX. R. APP. P. 52.3(k)(1)(A). Other than a list of motions Relator asserts he filed and the dates of those filings, no documents accompany the petition. He does not present any issues, authorities, or argument for the relief he seeks. *Id.* at 52.3(f), (h). Nor has he satisfied his burden to provide a sufficient record on which relief may be granted.

In addition to compliance with Rule 52.3, a relator must establish his filings were presented to the trial court for consideration. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Although Relator asserts he provided copies of his filings to the judge and district attorney, the record does not support that assertion.

3

Merely filing a document with the court clerk does not impute the filing to the trial court. *Id.*

While pro se filings may be reviewed less stringently than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), pro se litigants are not exempt from rules of procedure. *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006). This Court will only compel the trial court to perform its ministerial duty when the record supports its necessity. *In re James*, No. 07-20-00257-CV, 2020 Tex. App. LEXIS 8614, at *4 (Tex. App.—Amarillo Nov. 3, 2020, orig. proceeding).

## CONCLUSION

Relator's request for mandamus relief is denied.

Alex L. Yarbrough
Justice

Do not publish.

4