Opinion filed August 10, 2023



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00044-CV

_____

## BRIAN SPORN, Appellant

## V.

## MARCANTONIO, ET AL., Appellees

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 21-09-20830**

## M E M O R A N D U M   O P I N I O N

Appellant, Brian Sporn, is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). He appeals the trial court's dismissal of his complaint against Appellees, Captain Richard Aynes, Lieutenant Olivia Caudillo, and Corrections Officer Marcantonio, all of whom are employees of TDCJ. Appellant filed his petition as "a 42 U.S.C. Section 1983 civil rights action lawsuit." In his "complaint," Appellant alleged that Appellees violated his

constitutional due process rights and his Eighth Amendment right to be free of cruel and unusual punishment. *See* U.S. CONST. amend. VIII, XIV. Following Appellees' motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, the trial court dismissed the case based on Appellant's failure to comply with the procedural requirements of that chapter. This appeal followed. We modify and affirm.

*Factual and Procedural History*

In his "complaint," Appellant alleged that a violation of his rights occurred when prison disciplinary action was assessed against him. On the day of the relevant incident, Appellant had "requested for heat reprieve" but the request was refused by Marcantonio, who ordered him to return to his cell. Appellant refused. According to Appellant, afterwards, Caudillo "came in the wing yelling and threatening to write everyone [disciplinary] cases for not 'racking up.'" Then, a "major" told Caudillo that she "cannot do that" and told the inmates to go to the day room and that no disciplinary violations cases would be written up. Appellant claims that some three weeks later, Aynes served him with the disciplinary action that Marcantonio had written for refusing to return to his cell. Appellant alleges that Aynes "ran the case and found [him] guilty" without giving Appellant sufficient time to prepare for the hearing or obtain witnesses, which violated his due process rights.

Appellees filed a motion to dismiss Appellant's suit based on multiple grounds, including Appellant's failure to follow the procedural requirements for inmate litigation under Chapter 14.[1] The next day, the trial court signed an order

---

[1]The motion noted that, "at this time there is no record that Marcantonio has been served in this lawsuit" and therefore named only Appellees Caudillo and Aynes as the respondents in Appellant's suit. We note that, while the trial court had the discretion to dismiss Appellant's claims on the basis that the claims asserted had no arguable basis in law or in fact either before or after service of process, it could not render a judgment against Marcantonio unless he was served. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (West 2017); TEX. R. CIV. P. 124.

2

dismissing the case due to Appellants failure to comply with the requirements of Chapter 14. Shortly after the trial court's order was signed, Appellant filed a "motion to grant immunity" to Caudillo and Aynes; Appellant stated in his motion that he was "granting immunity to Defendants Richard Aynes and Olivia Caudillo and exonerate all and any wrong doing [sic] on theyre [sic] behalf in above cause no. in above Honorable Court. Both defendants were not at all responsible for CO IV Marcantonio and his actions at the time of said actions that brought this lawsuit to bare [sic]." In the motion, Appellant also requested that the trial court "grant this motion in its entirety to release both [Appellees] from this lawsuit[,]" citing a case that referenced official immunity. The trial court denied the motion based on its previous disposition of the case.

Appellant argues three issues on appeal. First, Appellant contends that the trial court erred in dismissing the case for failure to state a cause of action. Second, Appellant states that the trial court abused its discretion dismissing his case for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Third, Appellant argues that the trial court's dismissal of his case violated his due process rights.

*Standard of Review*

We review a trial court's dismissal of inmate litigation under Chapter 14 for an abuse of discretion. *Sullivan v. Owens*, 418 S.W.3d 128, 131 (Tex. App.—Eastland 2011, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

*Analysis*

Enacted in response to the amount of inmate litigation found to be frivolous and without merit, Chapter 14 of the Texas Civil Practice and Remedies Code applies to inmate suits brought where an "affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). As noted by the court in *Hickson*:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable judicial resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ) (internal citations omitted) (quoting *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ)). To preserve judicial resources, under Chapter 14, a trial court may dismiss an inmate's lawsuit for failing to comply with the chapter's procedural requirements; it may also dismiss a lawsuit that is malicious or frivolous. CIV. PRAC. & REM. § 14.003(a); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because Appellant is an inmate proceeding pro se who filed a statement of inability to pay costs, this suit is governed by Chapter 14. CIV. PRAC. & REM. § 14.002(a).

Appellant challenges the trial court's dismissal of Appellant's suit based on his failure to comply with the procedural requisites of Chapter 14. In his first issue, Appellant complains that the trial court abused its discretion by dismissing his case for failure to state a cause of action. Appellant misreads the trial court's order which reads:

4

> Before the Court is Defendants' Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. After considering the motion, the Court is of the opinion that, for the reasons stated therein, this motion should be **GRANTED**.
>
> It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code is hereby **GRANTED** and Plaintiff's suit should be dismissed in its entirety for its failure to comply with the Chapter 14 procedural requirements.

Nowhere in the order does it state that Appellant failed to state a cause of action.[2] The trial court's order dismisses Appellant's suit solely based on his failure to comply with the procedural requirements of Chapter 14. Because it addresses a matter that is not germane to the trial court's disposition, we overrule Appellant's first issue.

We address Appellant's second and third issues together. Appellant's second issue is overbroad and claims that the trial court abused its discretion by dismissing his case for failure to comply with the requirements of Chapter 14. Upon review, Appellant's suit failed to comply with several mandatory requisites of Chapter 14. On the issue of claimed indigency, Appellant failed to attach a certified copy of his trust account statement. "The affidavit or unsworn declaration must be accompanied by the certified copy of the [inmate's] trust account statement." CIV. PRAC. & REM. § 14.004(c). The legislature's use of the word "must" indicates that this is a mandatory requirement to proceed under Chapter 14 where, as here, the inmate has

---

[2]We note that the first paragraph of the trial court's order granted Appellees' motion to dismiss "for the reasons stated therein." In their motion, Appellees stated the following reasons for dismissal: (1) Appellant failed to comply with the procedural requirements of Chapter 14, (2) Appellant's lawsuit is "frivolous and/or malicious," (3) Appellant failed to state a claim, and (4) Appellees are entitled to immunity. It is apparent from the trial court's order that it based its decision to dismiss Appellant's lawsuit solely on his failure to comply with the procedural requirements of Chapter 14. Appellees confirm this understanding of the basis of the trial court's order in their brief.

filed an affidavit or unsworn declaration of an inability to pay costs. *See Williams v. Brown*, 33 S.W.3d 410, 411–12 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Further, Appellant did not file an affidavit or declaration related to previous litigation brought by him. *See id.* § 14.004(a). This failure permitted the trial court to assume Appellant's current suit was substantially similar to any previous filings. *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.). In addition, Appellant did not attach proof that he had exhausted his administrative remedies. Pursuant to Chapter 14, an inmate shall file an affidavit stating the date that his grievance was administratively filed and the date the written decision of his administrative appeal was issued. Civ. Prac. & Rem. § 14.005. The inmate must also attach a copy of the written decision from the grievance system. *Id.* None was filed with Appellant's petition.

When reviewing the discretion of the trial court in dismissing an inmate's suit, we should consider whether the suit was dismissed with prejudice. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). If it was dismissed with prejudice, we should determine whether the inmate's error could be remedied. *Id.* Appellant's pleadings contained multiple defects that failed to comply with the provisions of Chapter 14, but nothing indicates that these failures could not be cured with an amended pleading. Therefore, dismissal with prejudice is improper. *Pena v. McDowell*, 201 S.W.3d 665, 666 (Tex. 2006).

Here, the dismissal order does not state whether the trial court's dismissal was with or without prejudice. However, when "a judgment of dismissal in a Chapter 14 case does not state whether the case was dismissed with or without prejudice, it is presumed [that] it was dismissed without prejudice." *Estes v. Richerson*, No. 02-17-00391-CV, 2018 WL 3968784, at *4 (Tex. App.—Fort Worth Aug. 16, 2018, no pet.) (mem. op.) (collecting cases). "Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case has been fully tried and

decided." *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) (citing *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999)). A failure to comply with procedural requirements under Chapter 14 is not an adjudication on the merits; therefore, the proper disposition in the present case was a dismissal without prejudice. *See id.* Although the trial court's order does not so specify, we presume that the trial court properly ordered that Appellant's suit be dismissed without prejudice. *Estes*, 2018 WL 3968784, at *4.

As part of his due process claim, Appellant contends that he was entitled to an opportunity to amend his pleading to comply with Chapter 14. He relies on *McLean v. Livingston* to support his argument;[3] however, his reliance on *McLean* is misplaced. In *McLean*, the Texas Supreme Court held that an inmate must be afforded the same opportunity to amend his appellate filings to cure Chapter 14 filing defects prior to the dismissal of the appeal; *McLean* is readily distinguishable. In *McLean,* the Plaintiff-Appellee filed an amended notice of appeal, which included his Chapter 14 declaration and a certified copy of his inmate trust account statement, thereby correcting his defective filings. To the contrary, Appellant did not cure any of his Chapter 14 procedural defects discussed above after (1) he filed his petition in September 2021, (2) Appellees' filed their answer in January 2022, which alleged, among other things, that they "assert their claim to all exclusions, limitations, exceptions, and reservations contained in [Chapter 14]" and that Appellant had failed to properly exhaust his administrative remedies before filing the suit, and (3) Appellees' filed their motion to dismiss in February 2022 that stated in part that the trial court should dismiss Appellant's claims based on his failure to comply with the procedural requirements of Chapter 14. Instead, Appellant filed a "motion to

---

[3] 486 S.W.3d 561 (Tex. 2016).

grant immunity" to the only defendants-Appellees that had been served with his lawsuit.

We hold that an order dismissing Appellant's lawsuit without prejudice for failing to comply with the procedural requirements of Chapter 14 does not violate Appellant's right to due process. *See McDowell,* 201 S.W.3d at 666.[4] Accordingly, we overrule Appellant's second and third issues. However, we modify the trial court's order to clarify that the trial court's dismissal is without prejudice as to Appellant's claims. *See Estes*, 2018 WL 3968784, at *5.

*This Court's Ruling*

We modify the trial court's order to reflect that the cause is dismissed "without prejudice." As modified, the order is affirmed.


W. BRUCE WILLIAMS
JUSTICE


August 10, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[4]While the trial court dismissed Peña's suit with prejudice as "frivolous or malicious," the supreme court noted with approval that the court of appeals affirmed the dismissal but reformed the trial court's judgment to read "without prejudice."

8